VOL. 47, JANUARY TERM, 1904.      339

City of Jacksonville v. Massey Bus. College.—Statement of Case.

THE CITY OF JACKSONVILLE, A MUNICIPAL CORPORATION, *Appellant*, v. THE MASSEY BUSINESS COLLEGE, A CORPORATION, *Appellee*.

1. It is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief, and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing.

2. Where a bill in equity wholly fails to state a cause of action or wholly fails to present a case where the relief prayed is authorized, it is the duty of an appellate court to notice the defect, although it has been ignored in the pleadings, assignments of error and arguments.

3. Where it appears upon the face of the bill that there is no equity in it, or that there is a plain and adequate remedy at law, and that a court of equity is wholly incompetent to grant the relief sought, the case should be remanded by the appellate court with directions to dismiss the bill, even though no such objection was made in the pleadings, presented in the trial court or argued before the appellate court.

4. A court of equity will not entertain a bill for injunction against a municipal corporation which threatens to enforce the payment of taxes assessed by said municipal corporation upon personal property by the seizure and sale thereof, without lawful authority, as such seizure would be a mere trespass remediable in a court of law.

This case was decided by the court *En Banc*.

Appeal from the Circuit Court for Duval county.

### *Statement.*

On the 1st day of November, 1902, the appellee, The Massey Business College, a corporation, filed its bill in equity against appellant, The City of Jacksonville, a municipal corporation, in the Duval Circuit Court, which said bill, omitting its formal parts, was as follows:

"The Massey Business College, a corporation duly organized and existing under the laws of the State of Flor-

340    SUPREME COURT OF FLORIDA,

City of Jacksonville v. Massey Bus. College.—Statement of Case.

ida, by its solicitor and counsel, files this its bill of complaint against the City of Jacksonville, a municipal corporation duly organized and existing under the laws of the State of Florida, and for cause says: 1. That the constitution of the State of Florida, Article 9, section 1, requires: 'The legislature shall provide for a uniform and equal rate of taxation and shall prescribe such regulations as shall secure a just valuation of all property, except all property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes.'

2. Article 16, section 16, of said constitution requires: 'The property of all corporations, except the property of a corporation which shall construct a ship or barge canal across the peninsular of Florida, if the legislature should so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes.'

3. That the acts of the legislature of the State of Florida for the year A. D. 1895, page 3, Chapter 4322, section 3, division 3, requires: 'Such property of literary, benevolent, charitable and scientific institutions within this State, as shall be actually occupied and used by them, solely for the purpose for which they have been or may be organized, but property of such institutions which is rented and the rents, issues and profits only, used by such institutions, shall not be exempt from taxation, nor shall any property held by them as an investment or speculation be exempt from taxation.'

4. The act of the legislature of the State of Florida, creating the municipal corporation of the city of Jacksonville and prescribing its jurisdiction and powers, provides: 'The mayor and city council shall within the limitation of this act, have power by ordinances to levy and collect taxes upon all property and privileges taxable by law for the State purposes.'

VOL. 47, JANUARY TERM, 1904. 341

City of Jacksonville v. Massey Bus. College.—Statement of Case.

5. That the complainant, as its name implies, was duly organized and exists for the sole purpose of teaching men, women and children, literature, science and art, and impart to men, women and children a knowledge of literature, science and art, and give to men, women and children a scientific and literary education, and the complainant does not conduct or manage any other business, occupation or profession, or enjoy any other privilege.

6. That complainant is a literary institution, also a scientific institution, and also an educational institution duly organized, incorporated and existing under the constitution and laws of the State of Florida, for literary, scientific and educational purposes.

7. That complainant had only certain personal property, consisting of school books, stationery, school desks, chairs, maps, typewriters, blackboards and tables, such, and such only, as is used in ordinary school rooms, and is necessary for school room furniture and equipment, and which said personal property was 'held and used exclusively for literary, scientific and educational purposes,' by teachers and pupils of complainant, and for no other purposes, and which is all the property of any kind complainant ever owned or controlled.

8. That the respondent has heretofore, through its mayor and city council and other officers, agents and employees, assessed the said above described property for taxes or taxation for municipal purposes, and the complainant has heretofore duly applied to the respondent and to its city council and mayor, as required by its ordinances, rules and regulations, to have all assessments of the said property for taxes and taxation cancelled and relieved from further assessments, and the respondent and its mayor and the city council has denied complainant's said application and has refused to cancel any and all assessments heretofore made of said property for taxes or taxation for municipal purposes, and the respondent, its officers, agents and employees are demanding the taxes from the complainant for and upon

342      SUPREME COURT OF FLORIDA,

City of Jacksonville v. Massey Bus. College.—Statement of Case.

said property, and threaten to seize and sell certain property for said taxes unless enjoined and restrained by this court.

9. That the only authority or power which would permit respondent or its officers, agents or employees, to assess property or demand, collect or receive taxes upon any property, is the authority or power delegated to it by the legislature of the State of Florida, but the legislature of the State of Florida only delegated to it the power or authority to levy and collect taxes on property and privileges, taxable by law for State purposes, and the board of county commissioners of Duval county, Florida, have already decided and determined that the said property of complainant is not taxable by law for State purposes, and have cancelled any and all assessments heretofore made against said property for the State purposes, because the said property is 'held and used exclusively for literary, scientific and educational purposes' and by a literary, scientific and educational institution.

10. That the legislature of the State of Florida could not lawfully delegate to the respondent, or to its officers, agents or employees the power or authority to assess the said property of complainant, or to collect taxes thereon, because the constitution of the State of Florida expressly forbids the legislature to assess or collect taxes upon the said property even for State purposes, because it belongs to a literary, scientific and educational institution, duly organized for literary, scientific and educational purposes, and it is 'held and used exclusively for literary, scientific and educational purposes,' and for no other purposes, and the legislature can not delegate to respondent any power or authority it does not possess, and especially that power and authority which the constitution in express terms forbids the legislature to exercise, or use itself.

11. That the complainant charges, demands, collects and receives from men, women and children which it teaches, a small compensation with which to pay its officers,

VOL. 47, JANUARY TERM, 1904.        343

City of Jacksonville v. Massey Bus. College.—Statement of Case.

teachers and other employees, and provide for and keep up its furniture, and for this reason complainant is advised, informed and believes, the respondent demands the taxes aforesaid upon the property aforesaid, and refuses to cancel the said assessment, and attempts to justify its unlawful acts, and which complainant avers is insufficient and unjustifiable, because the constitution and law makes no distinction between a literary, scientific and educational institution that charges for its instructions, teachings and services and one which does not; the purpose and object of said constitution and law is to promote, encourage and foster any and all literary, scientific and educational institutions by relieving them from taxation.

Wherefore complainant prays for the State's most gracious writ of subpœna directed to the respondent, the City of Jacksonville, commanding it to appear and answer this bill of complaint, and for a permanent decree from this court, enjoining the City of Jacksonville and its officers, agents and employes, from collecting any taxes whatever from complainant on account of said assessment of said property, and from seizing any property on account thereof, and from ever again assessing any of said property for taxation, under the present constitution and laws of Florida, and for any and all other relief to which complainant may be entitled."

On the 5th day of January, 1903, the appellant filed its answer to said bill, which, omitting its formal parts, was as follows: "This defendant, now and at all times hereafter, saving and reserving unto itself all benefit and advantage of exception which can or may be had or taken to the many errors, uncertainties and other imperfections in said bill contained for answer thereunto, or to so much and such parts thereof as this defendant is advised it is or are material or necessary for it to make answer unto, answering says: 1. That this defendant is not sufficiently informed to say of its own knowledge whether or not the Massey Business College is a corporation organized and existing

under the laws of the State of Florida, but for the purposes of this suit this defendant admits that the Massey Business College is a literary, educational and scientific institution, engaged in the occupation of teaching men, women and children literature, science and art, and imparting to men, women and children the knowledge of literature, science and art, and giving to men, women and children scientific and literary education, and that the complainant does not conduct or manage any other business occupation or profession, or enjoy any other privilege; but this defendant says that the said Massey Business College was instituted and is maintained, and that such business is carried on exclusively for the purpose of making financial profit for the owners of said institution; and that if the Massey Business College is a corporation, it is a corporation of which Richard W. Massey owns practically if not quit all of the capital stock, and that the said Richard W. Massey directs and controls the business of said corporation for his personal profit; and that the said Richard W. Massey annually makes and receives and applies to his own use large sums of money, profits growing out of the carrying on of said business. And this defendant says it is not true as alleged, that the plaintiff corporation was organized and exists for the sole purpose of teaching men, women and children literature, science and art, and impart to men, women and children the knowledge of literature, science and art, and that the defendant says the truth is that the Massey Business College if incorporated, was incorporated for the sole purpose of making money for the owners of its stock out of said business.

2. This defendant further answering, upon information and belief, states that it is not true as alleged in the bill of complaint, that the complainant had only certain personal property, consisting of books, stationery, school desks, chairs, maps, typewriters, black-boards and tables, such, and such only as is used in ordinary school rooms, and is necessary for school room furniture and equipment,

VOL. 47, JANUARY TERM, 1904.        345

City of Jacksonville v. Massey Bus. College.—Statement of Case.

and alleges that the Massey Business College owns and has in use in the city of Jacksonville in connection with its business, desks, chairs, railing, typewriters, bank fixtures and all other personal property necessary or usual to be used in connection with business colleges, and that said property is not such as is used in ordinary school rooms or is necessary for school room furniture and equipment.

3. This defendant further answering said bill says that the proper authorities of the city of Jacksonville have assessed taxes upon the personal property of the Massey Business College, which is used by the complainant in its business, to-wit: the books, chairs, desks, railing, typewriters, bank fixtures and other personal property such as is usually used in first class business colleges, and that there is due to the city of Jacksonville the taxes so assessed for the years 1899, 1900, 1901 and 1902, together with interest and costs thereon, and that true and correct copies from the city tax assessment rolls for said years are hereto attached showing the said assessments, all of which now remain unpaid; and the defendant further answering says that its officers are demanding the payment of said taxes from the complainant, and intend unless restrained by this Honorable Court, to enforce the payment of said taxes by seizure and sale, if necessary.

4. This defendant further answering says that it is informed and believes, and upon information and belief answers, that it is not true as alleged in said bill, that complainant charges, demands, collects and receives from men, women and children, which it teaches, a small compensation with which to pay its officers, teachers and other employes, and provide for and keep up its furniture, and alleges the truth to be that the complainant charges, demands, collects and receives from men, women and children, patrons of said complainant, a compensation far in excess of the amount necessary to pay the expenses of maintaining and running said business college for the purpose of making a profit for the owners of its stock, and this defendant

maintains that the said property of complainant is liable to city taxation and is not exempt under the constitution or laws of the State of Florida from taxation.

And this defendant further answering denies that the complainant is entitled to the relief, or any part thereof, in the said bill of complaint demanded, and prays the same advantage of this answer as if it had pleaded or demurred to the said bill of complaint; and prays to be dismissed with its reasonable costs and charges in this behalf most wrongfully sustained."

Neither the bill nor answer was sworn to, the affidavit to the answer being waived, and the answer accepted by complainant as if it were a sworn answer.

On the 5th day of January, 1903, the following agreement was filed, the same being duly signed by the counsel for the respective parties: "It is stipulated and agreed by and between the counsel and solicitor for complainant and the counsel and solicitor for respondent in above stated cause, that this cause be and the same is hereby submitted for final decree on bill and answer and that the same be presented and submitted to the court for final hearing and decree on Tuesday, 6th day of January, A. D. 1903."

On the 30th day of January, 1903, the court rendered the following decree: "This cause coming on to be heard upon the bill of complaint and answer thereto filed herein and having been submitted, it is ordered, adjudged and decreed that the defendant, the city of Jacksonville, a municipal corporation, its servants, agents and attorneys be and they and each of them is hereby enjoined and restrained from further attempting to collect by seizure or otherwise any tax heretofore levied upon the property of the complainant mentioned in the bill of complaint and said defendant is further enjoined from making or attempting to make any further assessments upon said property while it is being used for educational purposes. It is further ordered that defendant pay the costs of this proceeding to be taxed by the clerk of this court."

From this decree the appellant entered an appeal to the June term, 1903, of this court, and assigned the following errors: "1. The court erred in rendering the decree rendered in this cause.

2. The court erred in said decree by enjoining and restraining the defendant, its servants, agents and attorneys from further attempting to collect by seizure or otherwise taxes already levied upon the property mentioned in the bill of complaint.

3. The court erred in said decree by enjoining the defendant, its servants, agents and attorneys from making any further assessment upon the property of the complainant mentioned in the bill of complaint.

4. The court erred in holding by said decree the property described in the bill of complaint exempt from taxation by the city of Jacksonville."

*J. M. Barrs* for appellant.

*D. C. Campbell* for appellee.

SHACKLEFORD, J. (*after stating the facts*).—Although the point is not expressly presented or argued in this court, an examination of the bill of complaint discloses that it is without equity, complainant having ample remedy at law, all the property mentioned therein being personal property. The case of *Baldwin v. Tucker,* 16 Fla. 258, is directly in point. Also see *Town of Orange City v. Thayer,* 15 Fla. 502, 34 South. Rep. 573, and numerous authorities there cited.

The bill having failed to present a case where the relief prayed is authorized and, moreover, being entirely without equity, it is the duty of the appellate court to notice the defect, although it has been ignored in the pleadings, assignments of error and arguments. *Stapylton v. Neely,* 44 Fla. 212, 32 South. Rep. 868; *Richardson v. Gilbert,* 21 Fla. 544, text 555, and authorities there cited; *Freeman v.*

*Timanus,* 12 Fla. 393, text 404; *Sauls v. Freeman,* 24 Fla. 209, text 224, 4 South. Rep. 525; *Trustees I. I. Fund of Florida v. Gleason,* 39 Fla. 771, text 773, 23 South. Rep. 539; *McMillan v. Wiley,* 45 Fla. 487, 33 South. Rep. 993: See, also, *Griffin v. Orman,* 9 Fla. 22; *Hughey v. Winborne,* 44 Fla. 601, 33 South. Rep. 249.

It is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. *Johnson v. McKinnon* 45 Fla. 338, 34 South. Rep. 272; *Stockton v. National Bank of Jacksonville,* 45 Fla. 590, 34 South. Rep. 897; *Pinney v. Pinney,* 46 Fla. 559, 35 South. Rep. 95. Also see *Parker v. Dekle,* 46 Fla. 452, 35 South. Rep. 4; *Jordan v. Petty,* 5 Fla. 326, text 332; *Humphreys v. Atlantic Milling Co.,* 98 Mo. 542, text 551, 10 S. W. Rep. 140; *Clark v. Bayer,* 32 Ohio St. 299, text 304, S. C. 30 Amer. Rep. 593.

From what has been said it follows that the decree must be reversed, with directions to dismiss the bill; the appellee to pay the costs of this appeal.

HOCKER, COCKRELL, WHITFIELD and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.