ANDREW J. WILLIAMS AS ADMINISTRATOR OF THE ESTATE
OF BERRYAN CAUGHRAN, AND AS GUARDIAN FOR ELIZA
CAUGHRAN AND STEPHEN CAUGHRAN, *Appellant*, v.
JOSEPH H. PEEPLES, *Appellee*.

1. A bill alleging that the defendant is in various ways wrongfully interfering with cattle legally under the control of the complainant, and that defendant claims title to some of such cattle, without sufficient allegations for a discovery or an accounting, does not state a case for equity cognizance.

2. Where it appears upon the face of a bill of complaint that there is a plain and adequate remedy at law, and no ground for equitable intervention is shown, an appellate court may notice such defect although it has been ignored in the pleadings, assignments of error and argument, and the cause may be remanded with directions to dismiss the bill.

This case was decided by the court *En Banc*.

Appeal from the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*J. H. Hancock* and *C. C. Whitaker* for appellant.

No appearance for appellee.

WHITFIELD, J.—A bill in equity was filed in the Circuit Court for DeSoto county by the appellant against the appellee in which it is alleged that the appellee is insolvent, and is in various ways wrongfully interfering with the stocks of cattle legally under control of the appellant, and that appellee claims title to some of such cattle. The prayer is for an injunction to restrain the appellee and his agents, servants and employes from in any way interfering with said cattle, and that the sales of such cattle made by one Walter Flint to appellee be declared null and void, and for an accounting. The defendant answered, and testimony was

taken.  The court found that the appellee had title by purchase to some of the cattle, and referred the cause to a master to take further testimony as to the number and value of certain other cattle involved.  An appeal was taken from this order, and it is assigned here as error.

The allegations of the bill do not present a case of complicated or voluminous accounting, or other ground for equitable intervention, and there is adequate remedy at law for the rights asserted.  *Doke v. Peek*, 45 Fla. 244, 34 South. Rep. 896, and authorities cited therein.  It is true insolvency is alleged, but this is expressly denied in the answer, and the uncontradicted testimony shows that the defendant was solvent.  The question of insolvency, then, as a ground of equitable cognizance is not presented here.

Where it appears upon the face of the bill of complaint that there is a plain and adequate remedy at law and that no ground for equitable intervention is shown, an appellate court may notice such defect although it has been ignored in the pleadings, assignments of error and argument, and the cause may be remanded with directions to dismiss the bill. *City of Jacksonville v. Massey Business College*, 47 Fla. 339, 36 South. Rep. 432.

The order appealed from is reversed and the cause is remanded with directions to dismiss the bill of complaint, without prejudice to the right of appellant to proceed at law; the appellant to pay the costs of this appeal.

TAYLOR, C. J., SHACKLEFORD and COCKRELL, JJ., concur.

CARTER, J., absent.

HOCKER, J., dissents.

HOCKER, J., (*dissenting*).—The bill in this case alleges facts and contains prayers for discovery and  accounting, which, in my opinion, in the absence of any direct attack upon the equity jurisdiction of the court, entitle the parties

to have the cause disposed of upon its merits. See authorities cited in dissenting opinion in the case of *Hendry v. Whidden,* decided at the present term.