FLORIDA PACKING & ICE COMPANY, APPELLANT, v. E. L. CARNEY, TAX COLLECTOR, &C., APPELLEE.

INJUNCTION TO RESTRAIN SALE OF PERSONAL PROPERTY—DISMISSAL OF BILL FOR WANT OF EQUITY BY APPELLATE COURT.

1. A court of equity will never interfere to restrain by injunction a levy upon and sale of personal property, unless the same is of such peculiar and intrinsic value to the owner that its loss can not be compensated adequately in damages. The ordinary remedy in such cases is at law by an action of trespass, or other appropriate remedy in the courts of law.

2. Where it is apparent to an appellate court upon the face of a bill that it does not state a case cognizable in a court of equity, it will dismiss such bill for want of equity, even though the question of equitable jurisdiction was not presented by the pleadings, or raised before the appellate court.

Decree affirmed, without prejudice to right to relitigate the merits by action at law.

This case was decided by Division B.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the Court.

*R. L. Anderson,* for Appellant.

*W. H. Ellis,* Attorney General, for Appellee.

TAYLOR, J. The Appellant filed its bill in equity in the Circuit Court of Marion county against the appellee as tax collector of said county, alleging in substance that said defendant as such tax collector had levied upon certain enumerated *personal* property of the complainant to enforce the collection of the license tax imposed upon wholesale dealers in fresh meats by section 16 of Chapter 5106 of the laws of Florida. The bill alleges that the complainant never did at any time deal at wholesale in *fresh* meats, but deals exclusively in meat that has been cured by being salted, pickled, smoked, &c., and that the complainant is not, therefore, subject to the tax for the collection of which said levy was made. The bill prays that the provisions of the law aforesaid may be adjudged to be inapplicable to the business engaged in by complainant and that it can not be lawfully required to pay the license tax thereby imposed. The bill also prays that the defendant be enjoined from ever seizing, levying upon, holding, advertising or selling any of its property, or from attempting so to do, in satisfaction of said tax, and from collecting or attempting to collect such tax.

The defendant demurred to said bill substantially upon the following grounds: 1st. That said bill is without equity. 2nd. That said complainant has not by said bill shown itself to be entitled to the relief there prayed. 3rd. Because it appears from the facts set forth in said bill that the complainant is liable for the tax, the collection of which is sought by the bill to be enjoined. 4th. Because it appears that the complainants were, and are, wholesale dealers in fresh meats packed or refrigerated within the meaning of section 16, Chapter 5106, laws of Florida, and is liable to the tax imposed by said section. 5th. Be-

cause the bill states a conclusion of law inconsistent with the facts given.

The court below in its ruling upon the demurrer ignored those grounds thereof that questioned the equity of the bill, and sustained said demurrer upon the ground that under the allegations of the bill the complainant was a wholesale dealer in fresh meats, and, therefore, was subject to the license tax imposed by the section of the statute mentioned. The court by a subsequent order dismissed the bill.

The decision of the court below was substantially upon the merits of the controversy, when in fact it should have abstained from any consideration of the merits and should have sustained the demurrer and dismissed the bill upon the first ground thereof alone, *viz*: that there was no equity in the bill, without passing upon the merits of the case. This court in divers cases has settled the rule beyond further controversy, that a court of equity will never interfere to restrain by injunction a levy upon and sale of *personal* property, unless the same is of such peculiar and intrinsic value to the owner that its loss can not be compensated adequately in damages, and that the remedy in such cases is at law by an action of trespass, or other appropriate remedy in the courts of law. And it has further been settled by repeated decisions here that where it is apparent to the appellate court upon the face of a bill that it does not state a case cognizable in a court of equity, it will dismiss such bill for want of equity, even though the question of equitable jurisdiction was not presented by the pleading or raised before the appellate court. City of Jacksonville v. Massey Business College, 47 Fla., 36 South. Rep. 432, and cases therein cited.

Upon the merits of the case, growing out of the facts stated, it would be improper for us, as it was improper in the court below, to express any opinion whatsoever at this time.  The court below ruled correctly in sustaining the demurrer to the bill and in dismissing such bill, but sustained it upon the wrong ground—it should have been sustained solely upon the ground of a want of equity in said bill.  The decree of the court below is, therefore, hereby affirmed, but not for the reasons or upon the grounds upon which such decree was made by the court below, and without prejudice to the right of the appellant to relitigate the questions presented by his bill in an appropriate action at law, as he may be advised.  The costs of this appeal to be paid by the appellant.

HOCKER and COCKRELL, JJ., concur.

WHITFIELD, C. J., and CARTER and SHACKLEFORD, JJ., concur in the opinion.