ELLA A. P. MICOU AND BENJAMIN MICOU, HER HUS- BAND, AND THE STATE BANK OF ORLANDO, A COR- PORATION, *Appellants,* v. D. A. McDONALD, *Ap- pellee.*

MARRIED WOMENS' LAW—SUITS IN EQUITY AGAINST—SECTION 2, ARTICLE XI OF CONSTITUTION CONSTRUED—APPELLATE PRAC- TICE—DISMISSAL OF BILL SHOWING NO EQUITY.

1. The effect of section 2 of Article XI of the Constitution of Florida is to remove from married women, under carefully limited restrictions, the common law disability of coverture in the cases therein specifically enumerated, and to enable her in such cases to assume obligations that can be charged in equity upon, and enforced out of, her separate property owned by her in her own individual right.

(1) It enables her to purchase property either real or per- sonal and to obligate herself for the purchase price thereof.

(2) It enables her by an *agreement in writing made by her* to obligate herself for the payment of money or thing of value when the same enures to the benefit of her separate property.

(3) It enables her to obligate herself for the price of any labor or material used with her knowledge or consent in the construction of buildings, repairs or improvements upon her property, or for agricultural or other labor bestowed thereon with her knowledge and consent. And said section specifies the forum, *viz:* a court of equity, in which such obligations may

be charged upon and enforced out of her separate property, either by a sale thereof, or by the sequestration of the uses, rents and profits thereof.

2. The test of jurisdiction of a court of equity over a bill filed to enforce a claim against the separate property of a married woman is, does the bill present *such an obligation of a married woman* as the constitution authorizes a court of equity to deal with and enforce. Such newly extended jurisdiction of the court of equity over the obligations of married women must be confined to the cases specifically defined by the constitution.

3. Whether a claim by a real estate broker for commissions for effecting a sale of a married woman's separate real estate can ever be properly construed to be for money "that enures to the benefit of her separate property," *Quaere*? However the answer to this may be, *Held*, That such a claim cannot in any event, be enforced against a married woman's separate property in equity when it is not evidenced by an *agreement in writing made by such married woman.*

4. Where it is apparent to an appellate court that a bill in equity carried to it on appeal makes no case of which a court of equity has jurisdiction, it is proper for it to order a dismissal of the bill for want of equity, even though its equity be not questioned by the pleadings or expressly presented.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*Wm. H. Jewell,* for appellants;

*Jones & Jones,* for appellee.

TAYLOR, J.—The appellee D A. McDonald filed his bill in equity in the circuit court of Orange county against the appellants, hereinafter referred to as the defendants, alleging in substance that the defendant Ella A. P. Micou was the wife of the defendant Benjamin Micou and that

she, as her separate estate, was lately seized of a tract of land in Orange county containing eight hundred acres, and that she through her said husband did engage and employ complainant to sell the same for her for the sum of $5,500, and did agree with him to pay for his services in effecting said sale the sum of $550. That said contract was in writing and was made with the full consent and approval of the said Ella A. P. Micou, and said alleged contract is attached to the bill and therein referred to as exhibits A. B. and C. These exhibits consist of letters signed only by Benjamin Micou addressed to the complainant, and they do not even pretend on their face to have been written with either her knowledge or consent. That complainant in consequence of said contract did in the month of August, 1905, sell the said land for the said sum of $5,500, and that a deed to the purchasers thereof was executed by the said Micous, husband and wife, and forwarded to the defendant the State Bank of Orlando for delivery upon payment of the purchase money, and with instructions to said bank to pay to complainant the agreed sum of $550 out of such purchase money when collected, but which instructions were subsequently countermanded by them. That the said purchase price of $5,500 was paid by the purchasers to said bank and that at the time of the filing of the bill the said bank still held the same. That the said sum of $550 was due the complainant and was a just and true charge upon the separate estate of said *feme couvert* defendant under a written contract for services rendered for the benefit of her separate estate. The said Micous have conspired and confederated to injure and defraud him. That said purchase money now held by said defendant bank will be paid over to said Micous unless said bank is restrained from so paying over the same. That said Micous are non-residents of Florida and have no other

property in this state out of which he can enforce or collect his said claim except said purchase money of said land then held by said bank. The Bill prays that the Micous may be required under the order of the court to pay to complainant what may be justly due him and that they be restrained and enjoined from receiving said moneys from said bank or any part thereof, and that said bank be restrained from paying over the same or any part thereof. The bill also prays for subpœna and for general relief. Temporary injunction was granted, *ex parte,* as prayed. The defendants answered the bill denying the indebtedness and alleging that the letters exhibited with the bill were written without knowledge of the fact afterwards discovered by them that the complainant in pretending to sell said land to the purchasers thereof was in fact the agent for the purchasers in effecting its purchase and was to be paid by them for purchasing same—and the further fact that the resident agent of the defendants in giving to the complainant the price at which defendants would sell same had distinctly told him that defendants' price for said land was $5,500 net and free of any commissions, and that complainant as agent for the purchasers thereof had agreed to buy it on those terms for his principals the purchasers thereof.

A master was appointed and a voluminous amount of testimony was taken and reported, and upon the final hearing the court below rendered a final decree in favor of the complainant and against the defendants, which decree is virtually a judgment at law for the amount of the complainant's claim with interest and cost. Said decree makes the temporary injunction perpetual to the extent of the amount adjudged to be due complainant. The Bank of Orlando is adjudged to pay said amount to the complainant and in default thereof execution as at law is directed to issue for its collection against all the

defendants. This decree the defendants have by their appeal brought here for review

It is apparent from the mere reading of the bill in this case that under ordinary circumstances, were the obligation of a married woman not involved, it does not make out or present a case within the jurisdiction of a court of equity, but states a case within the exclusive province of a court of law. The only excuse for the bill is in its attempt to found itself upon the provisions of section 2 of article XI of our state constitution, which section provides as follows:

"A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent."

The effect of this provision of our organic law is to remove from married women, under carefully limited restrictions, the common law disability of coverture in the cases therein specificaly enumerated, and to enable her in such cases to assume obligations that can be charged in equity upon, and enforced out of, her separate property owned by her in her own individual right.

(1) It enables her to purchase property either real or personal and to obligate herself for the purchase price thereof.

(2) It enables her by an *agreement in writing made by her* to obligate herself for the payment of money or

thing of value when the same enures to the benefit of her separate property.

(3) · It enables her to obligate herself for the price of any labor or material used with her knowledge or consent in the construction of buildings, repairs or improvements upon her property, or for agricultural or other labor bestowed thereon with her knowledge and consent. And said section specifies the forum, *viz*: a court of equity, in which such obligations may be charged upon and enforced out of her separate property, either by a sale thereof or by the sequestration of the uses, rents and profits thereof. It will be observed that this provision of our organic law gives to a court of equity in these carefully defined cases jurisdiction over a class of causes that ordinarily were the obligations of a *married woman* not involved, would be cognizable only in a court of law as distinguished from a court of equity. It follows that in such cases the jurisdictional test is, does the case present *such an obligation of a married woman* as the constitution authorizes a court of equity to deal with, since such newly extended jurisdiction of the court of equity must be confined to the cases specifically defined by the quoted section of the constitution.

A bare perusal of the complainant's bill will show that the claim sought to be enforced thereby does not fall within either of the above clearly defined classes of cases where a married woman may so obligate herself as to have such obligation enforced out of her separate property in a court of equity. It does not present a claim for purchase money due for any property acquired by her; neither does it present a claim for the price of any labor or material bestowed and used with her knowledge or consent in the construction of any building, repairs or improvements upon her separate property, or for agricultural or other labor bestowed thereon with her knowl-

edge and consent; and if a real estate broker's claim for commissions for effecting a sale of a married woman's real estate can ever be construed to be for money that enures to the benefit of her separate property, the alleged agreement for its payment in this case is shown by the bill to be lacking the vital essential of being evidenced by a *writing signed* or *made by her.*

The complainant's bill upon its face gave him no standing in a court of equity. It has been repeatedly held here that where it is apparent to an appellate court that a bill in equity carried to it on appeal makes no case of which a court of equity has jurisdiction, it is proper for it to order a dismissal of the bill for want of equity, even though its equity be not questioned by the pleadings or expressly presented. Freeman v. Timanus, 12 Fla. 393; Trustees I. I. F. of Florida v. Gleason, 39 Fla. 771, 23 South. Rep. 539; McMillan v. Wiley, 45 Fla. 487, 33 South. Rep. 993; McMillan v. Frary, 45 Fla. 486, 33 South. Rep. 995; City of Jacksonville v. Massey Business College, 47 Fla. 339, 36 South. Rep. 432; Williams v. Peeples, 48 Fla. 316, 37 South. Rep. 572; Florida Packing & Ice Co. v. Carney, 49 Fla. 293, 38 South. Rep. 602.

It follows from what is said above that the court below erred in granting the temporary injunction and in the rendition of the final decree, and it is, therefore, hereby ordered that the final decree, and all interlocutory orders and decrees in said cause are hereby reversed, and the cause remanded with directions to dismiss the bill, at the cost of the complainant below, the cost of this appeal to be taxed against the appellee.

SHACKLEFORD, C. J., COCKRELL, HOCKER and WHIT-FIELD, JJ., concur;

PARKHILL, J., not participating.