STATE BOARD OF CONTROL, *Appellant*, v. KING LUMBER COMPANY, A CORPORATION, *Appellee*.

Opinion Filed January 25, 1917.

Where it appears upon the face of a bill of complaint that there is a plain and adequate remedy at law, and no ground for equitable intervention is shown, an appellate court may notice such defect although it has been ignored in the pleadings, assignments of error and argument, and the cause may be remanded with directions to dismiss the bill.

Appeal from Circuit Court for Alachua County; J. T. Wills, Judge.

Order reversed.

*T. F. West,* Attorney General, for Appellant;

*R. P. Daniel,* for Appellee.

WHITFIELD, J.—The King Lumber Company brought suit in equity against The State Board of Control and

the Lumber Manufacturing Company and alleged in effect that the State Board of Control entered into a written contract with the complainant for the erection by complainant of a building; that a balance is due complainant on said contract; that an action at law has been brought by complainant against the State Board of Control to recover the balance claimed; that materials used under the contract were furnished by the Lumber Manufacturing Company; that the Lumber Manufacturing Company failed to deliver certain portions of the materials at the time when required under the contract with it, thereby delaying the completion of the building in the time specified in the contract with the State Board of Control; that the State Board of Control resists payment of the balance claimed on the ground of demurrage allowances for delay in completing the building; that the Lumber Manufacturing Company has brought an action at law for the balance claimed by it from complainant, and claims that the delay charged to it was caused by the architect of the Board of Control; that Complainant cannot properly defend the action by the Lumber Manufacturing Company until the adjudication in complainant's action against the State Board of Control; that the prosecution of the two actions at law will put complainant to useless expense; that therefore complainant prays that equity take jurisdiction and grant an accounting by both defendants with appropriate restraining orders, and final relief. The State Board of Control demurred on the ground that the suit is in effect one against the State in violation of law. This demurrer was overruled, and the State Board of Control appealed.

Where it appears upon the face of a bill of complaint that there is a plain and adequate remedy at law, and no ground for equitable intervention is shown, an appellate

court may notice such defect although it has been ignored in the pleadings, assignments of error and argument, and the cause may be remanded with directions to dismiss the bill. Williams, Adm'r v. Peeples, 48 Fla. 316, 37 South. Rep. 572; City of Jacksonville v. Massey Business College, 47 Fla. 339, 36 South. Rep. 432.

In this case the remedy at law is apparently adequate and no sufficient ground is alleged for equity cognizance. This being so, the Circuit Judge should have sustained the demurrer even though no appropriate ground was stated in the demurrer.

Order reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, and ELLIS, JJ., concur.