ISAAC T. COOK AND GEORGE E. RICKER, *Appellants,* v. W. H. PONTIOUS, *Appellee.*

En Banc.

Opinion filed August 1, 1929.

Petition for rehearing denied October 17, 1929.

*O. S. Miller,* for Appellants;

*R. C. Horne,* for Appellee.

CAMPBELL, Circuit Judge:

In the court below the appellee, as complainant, filed bill in equity, seeking to have the title to certain real estate quieted.

The bill of complaint alleges that the complainant has a fee simple title to the real estate described, by virtue of a drainage tax deed thereto, made, executed and delivered to him by the Clerk of the Circuit Court of Glades County, Florida.

The alleged owners of the former record title to the property involved, the holders of certain mortgages on the lands, made by the owners of the former record title prior to the issuance of the drainage tax deed under which complainant claims title, and all others claiming title to the property, whether known or unknown, are made respondents.

The appellants were made respondents in the bill of complaint because they were the holders of mortgages on the property, made by the holders of the former record title, before the drainage tax deed issued.

The bill of complaint, in substance, prays for the removal and cancellation of any claim or interest that the respondents, jointly or severally, might hold to the property, adverse to, or in derogation of, complainant's title, and clearing and confirming the title to the complainant to said real estate against the claims, liens and interests of the several respondents, and all persons having or claiming any interest therein, adverse to complainant.

The appellants, as respondents in the court below, filed separate answers to the bill of complaint, in which each for himself sets forth in detail the mortgage lien on the real estate involved and the indebtedness thereby secured, owned and held by him. Each of the respondents also sets forth, in his separate answer, many alleged fatal defects and irregularities in the assessment of the lands for drainage tax, the sale of same to satisfy such tax, and the proceedings attending the issuance of the drainage tax deed, under which complainant claims title.

Upon the filing of the answers, the complainant in the court below filed a motion to strike each answer as a whole and each paragraph of such answers, alleging defects and irregularities in the proceedings attending the assessment of the property for drainage tax, the sale of same for such tax, and the issuance of the drainage tax deed.

The motions to strike the answers as a whole were based upon the claim that each answer upon its face revealed that the respondent filing same was not claiming to defend or seek the affirmative relief prayed for by him, as the owner of title to the property, either legal or equitable, but only as a holder of a mortgage lien thereon.

Upon the coming on of the motions for hearing, the chancellor rendered a decree striking out the answers of the respective respondents, except "the parts thereof in each of answers setting up that the lands in which the said two defendants are interested were not liable to the said drainage tax or that the said drainage tax deed had been paid at the date of sale or that notice of the application for the said drainage tax deed or of the expiration of the period of redemption was not at any time posted or published or mailed or delivered to the owner or person last paying the taxes on said lands in which the said two defendants are interested and excepting that part of said answers setting up advertising in DeSoto instead of Glades county, Florida, as to said drainage tax certificate subsequent to the creation of Glades county, Florida, and excepting that part of said answers setting up advertising in DeSoto instead of Glades county, Florida, as to said drainage tax certificate or sale thereof subsequent to creation of Glades county, Florida."

It is from that interlocutory decree that the case has been appealed.

Many errors are assigned before us, but it will not be necessary, under the view we have taken of the case, to consider many of them in this opinion.

Instead of demurring to the bill, and thus testing the equity in same, the respondents, as we have already observed, filed answers, asking for affirmative relief against the drainage tax deed, as if each was an owner of, or had an interest in, the title to the lands.

It is apparent from the decree made by the court below, that it did not make the order granting the motion to strike upon the theory that the respondents filing the answers were not proper parties to claim the relief prayed for in the respective answers.

Under the Statutes of Florida, a mortgage is a specific

lien on, and does not convey any title to, the property described therein. See Sec. 3837, Rev. Gen. Stats., (Sec. 5725, Comp. Gen. Laws 1927).

Section 3213, Rev. Gen Stats. (Sec. 5005, Comp. Gen. Laws, 1927), authorizes one who claims title *legal or equitable,* in real estate, to maintain a bill in equity to quiet the title thereto. The appellants, as respondents in the court below, according to the allegations of their respective answers, had no such legal or equitable title to the property described in the pleadings as would entitle them, or either of them, to pray for the quieting of the title to same. They allege themselves to be the owners of mortgage liens on the property.

Therefore, the paragraphs of the answers of the respective respondents objected to in the motions to strike, in so far as they undertook to set forth grounds for the affirmative relief prayed for, were susceptible to the objections raised in the motions. However, these respondents, as holders of the mortgage liens on the property, were made respondents, and called upon to set forth any reasons why the relief prayed for in the bill should not be granted, as against each of them, and the paragraphs objected to set up affirmative defense to the bill of complaint, and from the conclusion we have reached concerning the equity of the bill, we cannot say that the allegations of the answers were wholly insufficient as an affirmative defense to the bill in the instant case, for reasons set forth farther on in this opinion.

In the case of Schruben v. Johnson, 94 Fla. 204, 113 So. R. 640, decided July 13, 1927, we affirmed, per curiam, a decree striking an answer very similar to the answers in the instant case, and were it not for the fact that in December, 1927, we rendered an opinion, holding that a bill of complaint can not be maintained for the sole purpose

of declaring the validity of a tax deed, by quieting the tax title against the former record title, this case would necessarily be affirmed because of our per curiam holding in the case of Schruben v. Johnson, *supra*.

In the case of Stuart v. Stephanus, 94 Fla. 1087, 114 So. R. 767, decided December 10, 1927, we said: "In the present state of our law, a bill in equity cannot be maintained for the sole purpose of declaring the validity of a tax deed by quieting the title against the former record title upon the theory that the mere existence of the latter casts a cloud upon the former, where there has been no attempt subsequent to the issuance of the tax deed to assert the record title."

Under our holdings in the case of Stuart v. Stephanus, *supra*, from which we have just quoted, the bill of complaint in the instant case is without equity.

It is true that in the case of Stuart v. Stephanus we were considering a case in which a tax deed issued upon a sale of property for delinquent state and county taxes, was being relied upon as authorizing the quieting of title under it against the former record title, and that in the instant case the complainant is seeking to quiet title claimed by him under a drainage tax deed, against alleged clouds thereon by reason of the former record title and parties holding liens thereon; but inasmuch as the effect of a drainage tax deed under the statute is of equal, if not superior, efficacy to a tax deed issued upon sale of property for state and county taxes, our holding in the Stuart-Stephanus case applies in the case we are now considering.

There is no allegation in the bill of complaint that there has been any attempt upon the part of the holders of the former record title, or those claiming liens or interests under them, to assert any claim of title to the property subsequent to the issuance of the drainage tax deed.

Undoubtedly, the bill of complaint, under the decision in the case of Stuart v. Stephanus, *supra,* is without equity. Where it is apparent to an appellate court that a bill in equity, brought to it on appeal, is without equity, that is, where, upon the face of the bill, it is shown by the allegations thereof that no case is stated to warrant equitable relief, the appellate court will take notice of the defect, although the appellant has ignored it. Micou v. McDonald, 55 Fla. 776, 46 So. R. 291; City of Jacksonville v. Massey Business College, 47 Fla. 339, 36 So. R. 432; Williams v. Peeples, 48 Fla. 35, 37 So. R. 372.

In the case of Micou v. McDonald, *supra,* Mr. Justice TAYLOR, speaking for the Court, said, at page 293, 46 So. R. (text) : ''The complainant's bill upon its face gave him no standing in a court of equity. It has been repeatedly held here that, where it is apparent to an appellate court that a bill in equity carried to it on appeal makes no case of which a court of equity has jurisdiction, it is proper for it to order a dismissal of the bill of equity, even though its equity be not questioned by the pleadings or expressly presented.''

In the case of Stuart v. Stephanus, *supra,* we said, that in the present state of our law, a bill in equity *cannot be maintained* upon facts similar to those alleged in the bill of complaint in the instant case. Therefore, the complainant's bill of complaint does not make a case for equity jurisdiction.

After consideration of the entire record before us, we are of the opinion that under our holding in the case of Stuart v. Stephanus, *supra,* the bill of complaint is without equity. Therefore, the case is reversed and remanded, with direction for the court below to dismiss the bill of complaint, but without prejudice to the rights of the appellee to file another bill of complaint, should the respondents

named as the owners of the former record title, or those claiming under them, ever assert claims or interests under such former record title derogatory to the title of complainant under the drainage tax deed.

Reversed with directions.

WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.

TERRELL, C. J., disqualified.

Opinion filed August 1, 1929.

Petition for rehearing denied October 17, 1929.

*O. S. Miller,* for Appellants;

*R. C. Horne,* for Appellee.