TOWN OF LAKE HAMILTON, in the County of Polk and State of Florida, a municipal corporation, and P. D. SHUPE, as Tax Collector, and as Tax Assessor, of said Town, and MINNIE M. SHARER, a widow, v. J. W. HUGHES, et al.

18 So. (2nd) 23                                    January Term, 1944
May 16, 1944                                               En Banc
Rehearing Denied June 7, 1944

*Dewell & Dewell,* for petitioners.

*H. C. Crittenden,* for respondents.

PER CURIAM:

The bill of complaint in this case was inartifically drawn, and it occurs to us that had an attack been made upon it by a motion to dismiss, the movant would probably have prevailed. We have the view that the answer, too, was subject to some criticism for the same reasons. Wherefore, we believe that the answer was sufficient in the light of the apparent deficiencies of the bill. Therefore, certiorari is granted and the order sustaining the motion to strike parts of the answer is quashed.

BUFORD, C. J., and ADAMS, J., concur specially.

TERRELL, BROWN, THOMAS and SEBRING, JJ., concur.

CHAPMAN, J., dissents.

ADAMS, J., concurring specially:

Certain property owners in the town of Lake Hamilton filed a bill of complaint against the town and also named a bond holder of the town a party defendant. The suit sought to annul taxes previously levied against plaintiffs' land and to enjoin the levy of future taxes. The bill alleged that the town was created by special legislative act in 1925; that plaintiffs' land was embraced in the town by the creative act and the town had at all times subsequent exercised municipal jurisdiction over same and had annually levied taxes thereon. The bill alleges that plaintiffs' lands are entirely rural and agricultural in character and are not susceptible to municipal benefits; that plaintiffs' lands were included without their consent and without a referendum vote by the people.

The town answered with virtually a general denial of the bill and also took the position that plaintiffs were estopped by failure to act from 1925 until the filing of this suit in 1943; that in the meantime the town had financially obligated itself on the strength of plaintiffs' property being in the city. The trial court struck that part of the answer dealing with estoppel and laches and that order is before us for review under our Rule 34.

From our study of the briefs it is apparent that there is confusion as to the purpose of this suit and also the magnitude of the relief sought. The prayer of the bill is limited to a cancellation of existing taxes and to enjoin the levying of taxes in the future; it does not pray for the property to be excluded from the town, nevertheless the basic allegations of the bill indicate a case made for relief of ouster upon the premise that the property is not now and never was susceptible to municipal benefits.

Under these allegations there is a question whether relief of ouster might not be given under the prayer for general relief. There is a vast difference in ouster and merely seeking injunctive relief as specially prayed in this bill. It is necessary to determine which remedy is sought in passing upon the plea of laches because in ouster proceedings the plea is applicable whereas in the other it is no defense. Ouster by order of court was first recognized in this State in State ex rel. Davis v. City of Stuart, 97 Fla. 69, 120 So. 335. This case was a radical departure from the great weight of authority and was planted solely upon the proposition that, because of our Sections 1, 4 and 12, Declaration of Rights, the courts of this State shall be open to afford a remedy by quo warranto. Since then a concurrent remedy in equity has been approved. City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837. There the court recognized that estoppel would lie; however the peculiar equities of that case did not warrant its application. Further departure from or extension of the rule in State ex rel. Davis v. City of Stuart, supra, should be undertaken, if at all, with great caution, inasmuch as the legislative act is assaulted by an individual in equity rather than by the state in quo warranto. Where the relief sought

is ouster, whether in law or equity, the plea of laches applies because it begins to run from the accrual of the cause of action; however where the relief sought is to enjoin the power to tax because of neglect of the town to grant benefits the plea is inapplicable because the effect of the injunction order is not to exclude the territory but to withhold the power to tax so long as the town is derelict in its duty. In the latter case the property owner may have remedy to coerce the town to do its duty and give the benefits or he may pursue his remedy of injunction. His neglect to pursue either or both remedies can₁ in no way prejudice the town, whereas his neglect to prosecute a remedy of ouster could in time materially prejudice the town. And too, when this Court passed upon State ex rel. Davis v. City of Stuart, supra, it declared and recognized a remedy. This remedy is surely no more sacred than any other recognized by the law and we have heretofore said that this or any remedy may be lost by delay. See General Properties Co., Inc., v. Rellim Inv. Co., et al., 151 Fla. 136, 9 So. (2nd) 295. The plea of laches was not available in this case. Is not a bad plea however good against a bad pleading to which it is addressed? In other words, if the bill was bad then is not a bad plea a sufficient answer in bar? It has long been the established holding in this Court that if the bill is bad this Court of its own violition will order its dismissal regardless of whether it has been attacked. State Bd. of Control v. King Lum. Co., 73 Fla. 80, 74 So. 5; Williams, Admr. v. Peoples, 48 Fla. 316, 37 So. 572; O'Neil v. Percival, et al., 25 Fla. 118, 5 So. 809.

The showing made by the bill is, in reality, an improvident and ill advised act of the Legislature in 1925; that no referendum was afforded. There is a complete answer to this by Article VIII, Section 8, Florida Constitution. There is a total failure to show a withholding of municipal benefits; neither does it appear that any is sought or has been requested. Surely it is not made to appear that the town is arbitrarily or wrongfully withholding municipal benefits. The bill is adroitly drafted to charge the violation of plaintiffs' legal rights in 1925 by the creative act and seeks to evade the defense of laches by limiting the prayer for relief.

BUFORD, C. J., concurs.