56 So.2d 924 (1951)
BRYAN
v.
CITY OF MIAMI.
Supreme Court of Florida, en Banc.
November 16, 1951.
Rehearing Denied December 7, 1951.
*925 Anderson & Nadeau, Miami, for appellant.
J.W. Watson, Jr., and John D. Marsh, Miami, for appellee.
MATHEWS, Justice.
As amended by agreement of the parties and with the permission of the Court, this is now a cause for a petition for a writ of certiorari and also for a constitutional writ staying any and all action for an election until such time as the legality of the same is determined.
Bill of Complaint was filed in the court below, on October 17, 1951, seeking a temporary order restraining the City of Miami from executing a certain housing contract mentioned in the complaint. By amendment to the prayer of the bill, filed on October 29, 1951, the plaintiffs sought also to restrain the City from holding an election mentioned in the complaint on November 20, 1951, in accordance with resolutions adopted by the City Commission of the City of Miami.
Testimony was taken before the Chancellor and he, thereafter, made an order as follows:
"It appears that the date upon which it has been determined to submit the measures described in the Complaint to the electorate, that is, November 20, 1951, is the same date upon which the primary election is to be held for the selection of candidates for the City Commission election to be held on November 27, 1951. It further appears to the Court from the testimony adduced before it that all of the costs and expenses incident to the inclusion in such election of ballots pertaining to the initiative measure described in the Complaint have already been made, and that therefore, the Plaintiff, in his capacity as a citizen and taxpayer of the City of Miami, will not be injured by reason of the submission of such measure to the electorate.
"It further appears to the Court that there is no present possibility of the Defendant, City, entering into the contract mentioned in the Complaint until and unless the electorate approve the measure at the election to be held on November 20, 1951, and that until and unless such measure is approved, there is no necessity for determination by this Court of the questions raised by the prayer seeking to enjoin the City from entering into such contract.
"It is the opinion of the Court that in the absence of a strong showing to the contrary, the electors of the City of Miami should not be deprived of their right to vote upon the issue which has been initiated by the people, in accordance with charter provisions of the City.
"For the reasons stated, the application for a temporary restraining order is at this time denied without prejudice to the Plaintiff to re-submit the matter to the Court in the event the measure mentioned in the ballot attached to the Complaint is approved by the electors."
We find no error in this order. From the testimony adduced before the Chancellor, *926 it conclusively appears that all the costs and expenses incident to the inclusion in the Primary Election of ballots pertaining to the initiative measure described in the complaint had already been made, and no additional money was contemplated to be spent or would be spent by reason of the inclusion of the initiative measure as one of the things to be voted upon in said election.
It is generally held, unless otherwise provided by Statute, that a taxpayer cannot sue to enjoin an illegal or unauthorized act on the part of a municipal corporation unless such act will result in an increase of his taxes, or will otherwise result in direct or indirect pecuniary injury to him. See McQuillin, Mun.Corp. (2d), Vol. 6, Sec. 2751, also Sec. 2755. 52 Am. Jur. 3; Lykes Bros., Inc., et al. v. Board of Commissioners of Everglades Drainage District, et al., Fla., 41 So.2d 898.
Holding as we do, that the taxpayer in this case has no interest to entitle him to maintain this action, it is unnecessary to decide any of the other questions presented, and we do not decide any such questions. The petition for writ of certiorari and for constitutional writ as prayed be and the same is hereby denied.
It is so ordered.
SEBRING, C.J., and TERRELL, CHAPMAN, THOMAS, and ROBERTS, JJ., concur.
HOBSON, J., not participating.