107 So.2d 184 (1958)
S. Kendrick GUERNSEY et al., Appellants,
v.
James A. HALEY et al., Appellees.
No. 740.
District Court of Appeal of Florida. Second District.
November 19, 1958.
*185 Richard W. Ervin, Atty. Gen., Ralph E. Odum, Allan F. Milledge, Asst. Attys. Gen., for appellants.
Williams, Parker, Harrison & Dietz, Sarasota, for appellees.
ALLEN, Judge.
This is an interlocutory appeal from an order striking parts of the answer of the State Board of Control and of the State Board of Education in an action filed by James A. Haley and Verman Kimbrough against the members of the Board of Control and the State Board of Control and against LeRoy Collins, R.A. Gray, Richard W. Ervin, J. Edwin Larson and Thomas D. Bailey, as members of and constituting the State Board of Education of the State of Florida.
The appellants have questioned the right of the plaintiffs to have instituted the suit below. The only allegation in the complaint as to the right and authority of the two plaintiffs to question the acts of the appellants, defendants below, is that the plaintiffs are residents of the County of Sarasota, State of Florida.
The appellants did not question the right of the plaintiffs to institute this suit in the lower court. However, in their brief in this court, appellants argue that the appellees, as plaintiffs below, did not have the right to institute the suit in question.
This court recently had occasion, in the case of Ewing v. Dupee, Fla.App. 1958, 104 So.2d 672, 673, to reverse the lower court where an appeal had been taken from the lower court and no cross-appeal was taken by the appellee. The circuit court ruled that a city employee, though he had been discharged from city employment because of a conviction of a crime, was entitled to retirement benefits, but further held that the city could offset a judgment which it had obtained against him against the retirement benefits. The employee appealed to this court, and we held that despite the fact that no cross-appeal had been taken by the city, that the lower court was in error in holding that the appellant was entitled to retirement benefits and reversed the court on that ground.
The court, speaking through Judge Shannon, said:

*186 "On appeal the appellant cites as error that portion of the Chancellor's decree wherein the money benefits found to be due to appellant should be paid to the City of Lake Worth. However, it will be unnecessary to rule on this point in view of the fact that this court has, ex mero motu, taken up and determined adversely to the appellant the conclusion reached by the Chancellor below in paragraph 1, Findings of Law.
"This court recognizes and approves the general rule that an appellate court should confine the parties to the points raised and determined in the court below and briefed in this court on assignment of errors before the court, but there is a well recognized exception to the general rule that appellate courts may raise a question for the first time on appeal where the question is jurisdictional, in criminal appeals, and questions of important public interest. See 2 Fla.Jur., Appeals § 290, page 538; 3 Am.Jur., Appeal and Error, § 251, page 35; First National Bank of Alex v. Southland Production Company, 1841, 189 Okla. 9, 112 P.2d 1087; State Board of Control v. King Lumber Co., 73 Fla. 80, 74 So. 5; Board of Com'rs of Kingfisher County v. Vahlberg, 198 Okla. 527, 180 P.2d 144; United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555."
If the plaintiff is not entitled to the relief sought, the appellate court may, on appeal, remand the cause for dismissal even though the defendant did not notice the defect. See Norris v. Eikenberry, 1931, 103 Fla. 104, 137 So. 128; Cook v. Pontious, 1929, 98 Fla. 373, 123 So. 765; Micou v. McDonald, 1908, 55 Fla. 776, 46 So. 291; City of Jacksonville v. Massey Business College, 1904, 47 Fla. 339, 36 So. 432; Williams v. Peeples, 1904, 48 Fla. 316, 37 So. 572.
The record discloses that the suit was brought for a declaratory decree as authorized by Chapter 87, Florida Statutes, F.S.A. It is elementary that a complaint is bad where the plaintiffs have no right to institute the suit. The requirements for invoking the declaratory judgment jurisdiction are set out in May v. Holley, Fla. 1952, 59 So.2d 636, 639, where the court said:
"Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts." (Emphasis ours.)
In a recent case, that of Bryant v. Gray, Fla. 1954, 70 So.2d 581, the Supreme Court dismissed a declaratory judgment action in which a potential candidate for Governor sought a determination of Governor Collins' eligibility to run for re-election. The Court, in its opinion, stated that the circuit court was without jurisdiction to enter a declaratory decree and that the complaint should have been dismissed without prejudice on the court's own motion.
The subject matter of the suit involved the authority of the defendants below to remove from the John and Mable Ringling *187 Museum of Art certain paintings, pictures, sculptures and other works of art.
As appears from the complaint and exhibits attached, the involved art objects and museum were devised to the State of Florida by the Last Will and Testament of John Ringling, who died in 1936. Thereafter, in 1937, the legislature authorized acceptance of such gift by Chapter 18131, Laws of Florida 1937, which read, in part, as follows:
"All property received by the State under the Will and the Codicil thereto of John Ringling, deceased, shall be and remain in Sarasota, Florida, and the paintings, pictures, works of art, tapestries, antiques, sculptures and library of art books received under the Will and the Codicil shall not be removed from the City of Sarasota, Florida."
Chapter 18131, supra, also provided that the Ringling property was to be managed, controlled and maintained by the appellants herein.
Appellees then alleged that certain art objects have been removed from the Ringling museum and from the City of Sarasota, and sought declaratory relief as to the rights and duties of appellants in this regard.
Since we are of the opinion that the plaintiffs failed to allege any factual basis to support their right to institute the suit below, we shall reverse the lower court with instructions to dismiss the complaint filed in this cause.
In the case of Pirtle v. City of Titusville, Fla.App. 1958, 101 So.2d 397, decided March 21, 1958, this court held that the appellant, Pirtle, had no right to file a complaint against the City of Titusville and the North Brevard County Hospital District Board to have certain deeds cancelled because of the lack of authority of the defendants to take certain actions. We held that the suit could not be maintained as there was no showing that any injury that resulted to the plaintiffs was different in kind from that sustained by the public generally, nor that action sought to be enjoined would result in any increase in taxes or any special injury to the plaintiffs.
In the case of Metropolis Pub. Co. v. City of Miami, 100 Fla. 784, 129 So. 913, 914, the Supreme Court of Florida held that the plaintiff corporation did not have the right to question a zoning ordinance of the City of Miami and in this case the Supreme Court said:
"In Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205, 206, this court say:
"`To entitle any one to relief against real or imaginary evils or injuries which are supposed to flow from unauthorized acts of public officials, he must bring his case under some acknowledged head of equity jurisdiction and show what special injury he will sustain from such unauthorized acts distinct from that suffered by every other inhabitant.'
"It appears that the appellant in the instant case failed to allege in its bill of complaint such facts as would show it to be entitled to the relief prayed, or that showed the complainant to have such an interest in the subject-matter as would entitle it to maintain a bill for injunction."
In Bryan v. City of Miami, Fla. 1951, 56 So.2d 924, 926, where a suit had been brought by Bryan against the City of Miami to restrain the city from holding certain elections and for a temporary order restraining the city from executing a certain housing contract, the Court said:
"It is generally held, unless otherwise provided by Statute, that a taxpayer cannot sue to enjoin an illegal or unauthorized act on the part of a municipal corporation unless such act will result in an increase of his taxes, or will otherwise result in direct or indirect pecuniary injury to him. See McQuillin, Mun.Corp. (2d), Vol. 6, *188 Sec. 2751, also Sec. 2755. 52 Am.Jur. 3; Lykes Bros., Inc., v. Board of Commissioners of Everglades Drainage District, Fla., 41 So.2d 898."
We hold in this case that the complaint does not show that the plaintiffs had any interest in the subject matter of this suit separate and apart from others in said county or state. Therefore, under the adjudicated cases, we must hold that no right existed to bring this suit. Therefore, this case is remanded to the lower court for dismissal of the complaint.
Reversed and Remanded.
KANNER, C.J., concurs and DICKINSON, JOHN, Associate Judge, concurs in part and dissents in part.
DICKINSON, JOHN, Associate Judge (concurring in part and dissenting in part).
I concur in the result here, that is, as to a reversal but not as to a dismissal of the entire cause as specified, as I think that the matter should be heard on its merits by the Chancellor below who has had no opportunity to hear the facts of the case. Therefore I do not concur in the reasons assigned for the reversal.
The Attorney-General did not raise the jurisdictional ground in the Court below as to the right of the Circuit Court of Sarasota County to hear this case by a Motion to Dismiss or by any other pleading. Such was raised for the first time in this Court and grounds therefor state that the Court sua sponte should have dismissed the cause. Courts as a general rule do not sua sponte dismiss any case once their jurisdiction is invoked. Thus the Chancellor has not had any opportunity to hear or determine the law thereon.
I do not think it is within the province of an Appellate Court to pass upon any grounds for dismissal of an appeal, jurisdictional grounds excluded, of course, unless the question has been raised in the Court below.
As stated before, the Attorney-General did not raise the jurisdictional issue in the Court below and has submitted the Boards involved to the jurisdiction of the Circuit Court below. He did not even raise it in this appeal but only said it should have been a sua sponte dismissal.
As a matter of fact, the Attorney-General has joined in the request for a declaration of rights himself on behalf of the State Boards involved and I think the matter should now be heard in its entirety by the Chancellor below and he then determine if there is any jurisdictional issue, and if there is, enter such decree as would be appropriate.
Therefore, I concur in the reversal though not on the grounds stated, but I would remand the cause for the taking of testimony and the determination there of such rights, if any thereto exist, as the parties may have in the premises.