Z. H. SIMMONS, *Appellant,* v. A. B. WILLIFORD, *Appellee.*

1. An injunction should not be granted where the remedy at law is adequate.

2. At common law an unlawful taking was essential to replevin; but under the statute an action of replevin lies to recover possession of personal chattels that are unlawfully detained and also damages for the detention.

3. Crops of fruit growing on trees whether regarded as *fructus naturales* or *fructus industriales* are in general parts of the realty and unless reserved, go with the realty in its transfer. But by the acts and intention of an owner of land containing bearing fruit trees, the growing fruit may be converted into personalty for purposes of sale.

4. Where an entire crop of growing oranges is sold by the land owner and the purchaser has the right to take them from the trees, they may be regarded as personal chattels, and an unlawful detention of the possession thereof by the seller may be adequately remedied by the statutory action of replevin.

5. A refusal of the seller after a sale of growing fruit to allow the fruit to be lawfully taken from the trees which are on his homestead, the insolvency of the seller and a threatened clandestine sale of the fruit to another by the seller, do not afford grounds for relief to the purchaser by injunction, the remedy at law being adequate.

This case was decided by Division A.

Appealed from the Circuit Court for De Soto County.

The facts in the case are stated in the opinion of the court.

*W. E. Leitner,* for Appellant;

*Treadwell & Treadwell,* for Appellee.

WHITFIELD, C. J.—On July 20, 1909, Williford by contract purchased from Simmons an entire crop of oranges then growing on the trees, at stated prices per field box, the fruit to be gathered by October 1st, if in condition to be shipped. Part payment was made. The fruit was not removed on October 23rd, when another part payment was made. On November 17th, the purchaser filed a bill in equity in which it is alleged in substance that on October 1st the fruit was green, immature and unmarketable; that on November 15th the servants of the purchaser were directed to begin gathering the crop, but defendant refused to permit said servants to enter upon the premises to gather the fruit; that defendant is insolvent; that the fruit is growing on defendant's homestead and that plaintiff is informed and believes that defendant intends to have the entire crop of oranges removed from the grove at night to avoid detection by plaintiff. An injunction was prayed to restrain defendant from removing the fruit and from interfering with plaintiff in his right to take the fruit from the trees upon the agreed terms. An injunction was granted. The bill was answered and demurred to. A motion to dissolve the injunction was denied and the demurrer to the bill of complaint overruled.

On appeal the controlling question is the propriety of the injunction on the case made. An injunction will not lie where the remedy at law is adequate. For a recovery of the possession of personalty the common law actions of replevin and detinue afford adequate remedies. If a crop of oranges is personal property an action of detinue at common law, or an action of replevin under the statute is the remedy for its unlawful detention. At common law an unlawful taking was essential to replevin; but under the statute an action of replevin lies to recover possession

of personal chattels that are unlawfully detained and also damages for the detention. 34 Cyc., 1352; Sec. 2171 Gen. Stats. of 1906; Williams v. Hampton, 57 Fla., 272, 49 South. Rep., 506. To sustain replevin the defendant must have actual or constructive possession or control of the property, and the plaintiff must be entitled to the immediate possession thereof when the action is brought. Sinnott v. Feiock, 165 N. Y., 444, 59 N. E. Rep., 265, 80 Am. St. Rep., 736, text 741. The facts that the trees are on the defendant's homestead and that the defendant is insolvent do not afford a ground for equitable relief. A writ of replevin may be served as expeditiously as a writ of injunction to prevent a clandestine or an unlawful removal of the fruit.

Crops of fruit growing on trees whether regarded as *fructus naturales* or *fructus industriales* are in general parts of the realty and unless reserved go with the realty in its transfer. But by the acts and intention of an owner of land. containing bearing fruit trees the growing fruit may be converted into personalty for purposes of sale. See Cannon v. Matthews, 75 Ark., 336, 87 S. W. Rep., 428, 112 Am. St. Rep., 64, 69 L. R. A., 827, 5 Ann. Cas., 478; Westbrook v. Eager, 16 N. J. L., 81; Garth v. Caldwell, 72 Mo., 622; Swafford v. Spratt, 93 Mo. App., 631, 67 S. W. Rep., 701; Smock v. Smock, 37 Mo. App., 56; Vulicevich v. Skinner, 77 Cal., 239, 19 Pac. Rep., 424; Wells on Replevin, sections 74, 75; 34 Cyc., 1367; Purner v. Piercy, 40 Md., 212; Sparrow v. Pond, 49 Minn., 412, 52 N. W. Rep., 36, 16 L. R. A., 103; 8 Am. & Eng. Ency. Law (2nd ed.) 303 *et seq.;* Benjamin on Sales (5th ed.) 192; Shinn on Replevin, section 227; 2 Schouler on Personal Property, section 452.

Where an entire crop of growing oranges is sold by the land owner and the purchaser has the right to take

them from the trees, they may be regarded as personal chattels, and an unlawful detention of the possession thereof by the seller may be adequately remedied by the statutory action of replevin. A refusal of the seller after a sale to allow the fruit to be lawfully taken from the trees which are on his homestead, the insolvency of the seller and a threatened clandestine sale of the oranges to another by the seller do not afford grounds for relief to the purchaser by injunction. See Hendry v. Whiddon, 48 Fla., 268, 37 South. Rep., 571; Williams v. Peeples, 48 Fla., 316, 37 South. Rep., 572; Metcalf Co. v. Martin, 54 Fla., 531, 45 South. Rep., 463, 127 Am. St. Rep., 149; Town of Orange City v. Thayer, 45 Fla., 502, 34 South. Rep., 573; Godwin v. Phifer, 51 Fla., 441, 41 South. Rep., 597.

Whatever rights the purchaser had to the growing oranges could have been adequately enforced at law, and the injunction should not have issued. The decrees appealed from are reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.