HUGHES TRUST & BANKING COMPANY, A CORPORATION, *Appellant,* v. CONSOLIDATED TITLE COMPANY, A CORPORATION, *Appellee.*

Opinion Filed April 20, 1921.

Petition for Rehearing Denied May 5, 1921.

1. Where there is a plain, adequate and complete remedy at law, equity has no jurisdiction, and a resort to a court of chancery is unnecessary and improper.

2. Personal property unlawfully detained by another may be recovered in an action of replevin with damages for its wrongful detention.

3. A court of equity will not decree the return of personal property unless it is of a peculiar character and value.

An Appeal from the Circuit Court for DeSoto County, George W. Whitehurst, Judge.

Reversed.

*Treadwell* & *Treadwell,* for Appellant;

*Leitner* & *Leitner,* for Appellee.

WEST, J.—By bill in equity appellee alleged the making of a contract of conditional sale to appellant of its plant for the making of abstracts of title to lands, consisting of "abstract books, fixtures, papers, materials and bills receivable" located at Arcadia in DeSoto County, said contract being subject to ratification by the stockholders of appellee, the delivery of possession of the property to appellant pursuant thereto, the refusal of the stockhold-

ers of appellee to ratify the alleged conditional sale contract, demand upon appellant for the return of said property to appellee, and its refusal to make return of said property.

With respect to the refusal of appellant to return the property to appellee, it is alleged that during the time intervening between the date of the contract of sale and the date of the refusal of the stockholders of appellee to ratify the contract and confirm the sale a second contract was made between the parties under the terms of which "the abstract books, fixtures and entire property" of the appellee were removed from the building in which they were then located into the building of appellant; that upon the refusal to confirm the sale tender was made to appellant of the amount received by appellee when the original contract was entered into; that at the same time a letter was addressed by appellee to another bank, with which the full consideration agreed to be paid for the property had been deposited in "escrow" when the second contract was made, by which letter all claim of appellee to the amount so held was released and the bank holding it was directed to return it to appellant; that thereupon request was made by an officer of appellee to permit the removal of said abstract books and other property then in the building of appellant, but appellant refused to accept the said tender and refused to permit the removal of said books and property from its building and caused said books to be put into its safe and vault where they could not be reached and refused to let appellee have the possession, custody and control of the same.

The original contract, copy of which is attached to the bill as an exhibit and made a part thereof, describes the property as an "entire abstract plant, located at Arcadia,

Florida, together with all fixtures, books, papers, materials of all kinds on hard, including all bills receivable."

The prayer is that appellant be enjoined from asserting any title to "said abstract plant, books, documents and property," from making abstracts of title therefrom, from making transcripts or copies thereof, from interfering from appellee's free use of said property "or the removal thereof from the rooms and offices of the defendant to such place as your orator shall desire to remove the same," from collecting any bills receivable or other moneys due appellee, and for a receiver to take charge of the property pending final disposition of the case.

The bill was demurred to. Upon a hearing this demurrer was overruled. Amendments to the bill were filed, after which an answer containing a demurrer to the bill was filed. After taking of testimony and upon final hearing this demurrer to the bill was overruled and a decree was rendered in appellee's favor. From the final decree an appeal was entered to this court. The overruling of the demurrer and entering the final decree in appellee's favor are assigned as error.

The demurrer questions the sufficiency of the bill upon the grounds that there is no equity in the bill and that it appears from the allegations of the bill that appellee had an adequate remedy at law. There was error, we think, in overruling this demurrer. All the property involved is personal property. From an application of appellant in this court to require the receiver to restore the property it appears that he has recently removed it from the building of appellant to another building. Where there is a plain, adequate and complete remedy at law equity has no jurisdiction, and resort to a court of

chancery is unnecessary and improper.   Barnett v. Hickson, 52 Fla. 457, 41 South. Rep. 606; Florida Packing & Ice Co. v. Carney, 49 Fla. 293, 38 South. Rep. 602; Williams v. Peeples, 48 Fla. 316, 37 South. Rep. 572; City of Jacksonville v. Massey Business College, 47 Fla. 339, 36 South. Rep. 432; Odlin v. Woodruff, 31 Fla. 160, 12 South. Rep. 227.

If appellant's detention of the property was unlawful replevin was a proper remedy.   In this form of action the specific property itself may be recovered with damages for its wrongful detention.   Simmons v. Williford, 60 Fla. 359, 53 South. Rep. 452.   Either trespass or conversion may be resorted to for recovering its value.   From the allegations of the bill it appears that the property involved consists largely of abstracts from public records which are still in existence.   Such abtstracts may be readily reproduced.   The remainder of the property consists of "fixtures, books, papers" used in connection with the abstract business.   It is well settled that a court of equity will not decree the return of personal property unless it is of a peculiar character and value.   McCollum v. Morrison, 14 Fla. 414; Bowes v. Hoeg, 15 Fla. 403; Davidson v. Floyd, 15 Fla. 667; Dorman v. McDonald, 47 Fla. 252, 36 South. Rep. 52; Hendry v. Whidden, 48 Fla. 268, 37 South. Rep. 571; Graham v. Herlong, 50 Fla. 521, 39 South. Rep. 111.

The bill in this case shows no grounds for the interposition of a court of equity.

The decree is reversed with directions to sustain. the demurrer and dismiss the bill.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.