Ernest A. Kemp, *et ux.,* v. Cecilie Skivesen, a Widow.

154 So. 688.

Opinion Filed May 2, 1934.

Petition for Rehearing Denied May 24, 1934.

*Cook & Harris* and *Wilson & Bogue,* for Appellants;
*W. F. Way,* for Appellee.

Buford, J.—This case is now before us on appeal from final decree in favor of appellee here.

The case was heretofore considered by this Court. See Skivesen v. Brown, 101 Fla. 1385, 135 Sou. 564.

The judgment in that case was: "The decree should be reversed and the cause remanded, with directions that a decree be entered not inconsistent with this opinion. It is so ordered." In that case we said:

"It appears that the decree was rendered in favor of the Kemps upon the theory of the application of that well settled rule which is that, in cases where one of two innocent persons must suffer a loss and a *fortiori* in cases where one has misled the other, he who is the cause or occasion of that confidence by which the loss has been caused or occasioned

ought to bear it; Williams v. Paine, 7 App. D. C. 116; Farquaharson Bros. & Co. v. King & Co., 2 Law Reports, Kings Bench Division, 1901; Root v. French, 13 Wend. (N. Y.) 570, 28 Am. Dec. 482, because it appears from the stipulated facts that Mrs. Skivesen through her attorney had delivered the deed to the Browns before her mortgage was recorded and before the payments according to the terms of the agreement for deed had been complied with by the Browns and had thereby made it possible for the Browns to perpetrate the fraud attempted to have been perpetrated on the Kemps in the representation that the title to the lands was vested in the Browns free and clear of all incumbrances.

"We do not think that the Kemps, appellees here, were entitled to the benefit of the rule above stated, because in their cross bill they aver that the money was loaned by them to the Browns for the purpose of paying a part or all of the purchase price of the lands, and this allegation is tantamount to an admission that the Kemps knew at the time at which they received the mortgage from the Browns and at the time at which the Browns exhibited the deed to them, that the land had not been paid for. Aside from this, the agreement for deed made and entered into between Mrs. Skivensen and the Browns showed upon its face that the lands were to be paid for part in cash and a mortgage was to be taken to secure at least a part of the balance of the purchase price. The clause above quoted from the agreement was sufficient to place the Kemps on notice and on inquiry as to the true state of facts, and with this evidence and notice before them they could not in equity and good conscience claim to be innocent purchasers for value.

"According to the allegations of their pleadings, the Kemps had notice of a purchase-money lien in favor of Mrs.

Skivesen. They had notice from the record above referred to that only a part payment was to be made in cash. They had notice from that record that the amount loaned by them to the Browns was not sufficient to pay the full purchase price. They had notice from that record that the time had not expired for the maturity of the agreed deferred payments."

When the mandate went down in that case the defendants Kemps filed motion to be allowed to file an amended answer and cross bill from which it was proposed to eliminate the allegations, which in effect admitted that the money involved was loaned by the Kemps to the Browns for the purpose of paying a part or all of the purchase price of the lands. The motion was denied.

There was no error in denying the motion because without this allegation the result of the former appeal would have been the same in this Court. We held in that opinion that the record of the contract of sale between Mrs. Skivesen and the Browns was sufficient to put the Kemps on inquiry as to the status of the title.

The notice afforded by a record is one, the existence of which the parties cannot deny, and, therefore, although it appears by stipulation that the Kemps did not have notice of the status of the title, this stipulation could not overcome the force and effect of constructive notice which is afforded by the record and, therefore, the stipulation could be of no force and effect in the face of a record which we have held to be, and which is the law of the case, was sufficient to put the parties on inquiry as to the status of the title. Had they made any reasonable inquiry, which they were required by the state of the record to make, they would have learned of the existence of the prior mortgage and of the fraud being perpetrated on them by the Browns.

For the reasons stated, the decree appealed from should be affirmed, and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and ELLIS, J. J., concur.

BROWN, J., dissents.

TERRELL, J., not participating.