NIKITAS PAVLIS *v.* ATLAS-IMPERIAL DIESEL ENGINE CO.

163 So. 515.
Opinion Filed October 11, 1935.
Rehearing Denied October 29, 1935.

*J. C. Davant,* for Plaintiff in Error;

*Mabry, Reaves, Carlton & White* and *Hampton, Bull & Crom,* for Defendant in Error.

DAVIS, J.—Plaintiff below, Atlas-Imperial Diesel Engine Company, a foreign corporation, successfully brought and maintained its action in replevin against defendant below, Nikitas Pavalis, for the recovery of possession of a certain Marine Diesel Engine that had been seized under the alias replevin writ issued by the Clerk of the Circuit Court pursuant to plaintiff's affidavit and bond given and approved as required by law. The losing defendant challenges the plaintiff's judgment on writ of error to this Court.

The second amended declaration upon which plaintiff's recovery was had in this case, was as follows:

"Now comes the plaintiff, Atlas-Imperial Diesel Engine Company, a corporation organized and existing under the laws of the State of California, by its attorneys, Hampton, Bull & Crom, and sues the defendant, Nikitas Pavalis, who has heretofore been summoned to answer the plaintiff in an action of replevin, for that at the time of the institution of this suit the defendant wrongfully detained from the plaintiff certain personal property located in the County of Pinellas and State of Florida, and described as follows, to-wit: One 3 cylinder, 30 H. P. Four Cycle, Solid Injection, Atlas-Imperial Marine Diesel Engine, 6½" bore x 8½" stroke at 475 R. P. M., together with all equipment, as shown on Page Six of the Specifications—Engine No. 9273, In. P. 7496, of the value of 2,500.00; that said defendant has refused to deliver possession of the said property to the plaintiff, although the plaintiff had before the institution of this suit made demand upon the defendant for said property, and although the plaintiff was then and there and is now entitled to the possession of the same under and by virtue of a certain retain title contract in writing entered into and

executed by the plaintiff under the name of Atlas Imperial Engine Company, and also executed by the defendant, Nikitas Pavlis, as will appear from copy of said contract which is attached to the original declaration as a bill of particulars.

"Plaintiff further says that the said property has not been taken from the plaintiff for any taxes, assessments or fine levied by virtue of any law of the State of Florida, nor seized under an execution or judgment against the chattels or goods of the plaintiff, which is liable to execution; but said defendant has defaulted in the payment of the purchase price of said property in accordance with the terms of said contract, and has failed to pay the first installment thereon amounting to $650.00 and accrued interest due six months after January 15, 1929, together with the subsequent payments due thereon, and there is now due and owing by virtue of said contract to the plaintiff the sum of $3,623.62, together with interest from the first day of April, 1930.

"WHEREFORE the plaintiff claims possession of the above described property and $5,000.00 for the detention thereof by the defendant from the plaintiff; to the damage of the plaintiff in the sum of $8,000.00, wherefore it brings this suit in replevin.

"HAMPTON, HULL & CROM,
*Attorneys for Plaintiff.*"

Errors have been assigned and argued in this case by plaintiff in error comprehending the sufficiency of the defendant in error's pleadings in the court below, the validity of an assignment to plaintiff of the retain-title contract sued upon, the admissibility and rejection of certain evidence, as well as the sufficiency of the evidence as a whole to support plaintiff's granted motion for a directed verdict

against the defendant below, who is the plaintiff in error here.

But whatever errors were so committed by the trial court in the particulars here complained of (with the exception hereinafter stated) appear to have been altogether harmless since the record affirmatively demonstrated beyond successful contradiction, when considered as a whole, that plaintiff below, as the actual holder of the retain-title contract sued on, which was admittedly signed by the defendant and not kept and performed by him, must inevitably be awarded a recovery of the engine sued for, even if the technical errors complained of by him should be ordered by this court to be formally cured by a reversal of the judgment for the technical correction of such errors through the routine submission of the issues to be retried in the court below. Reversal of the successful retain title holder's judgment for recovery under the circumstances above stated is not warranted. Section 499 C. G. L., 2812 R. G .S.; Evans v. Kloeppel, 72 Fla. 267, 73 Sou. Rep. 180.

But after verdict had been directed for plaintiff below, the trial court reopened the case, and permitted such plaintiff to introduce testimony as to the value of the Diesel engine. Then without affording defendant an opportunity to rebut that testimony, the trial judge reclosed the case and again directed verdict in plaintiff's favor.

It is within the discretion of the trial judge to reopen a case for admission of further testimony, even after direction of a verdict, and no error can be predicated thereon unless it is clearly shown the trial judge has abused his discretion. See: 24 R. C. L. 1043, Sec. 49. There was shown in this case no abuse of discretion in reopening the case; but the court did commit reversible error in not affording defendant below an opportunity to rebut plaintiff's

testimony as to value of the engine sued for before closing the case again. For that error a new trial, to be confined to the question of determining the value of the property sought to be recovered, should be and is hereby awarded.

. The gist of the replevin is the unlawful detention of personal property from plaintiff at the commencement of the action, regardless of whether defendant acquired possession rightfully or wrongfully. See: Section 5329 C. G. L., 3476 R. G. S.; Hughes' Trust & Banking Co. v. Consolidated Title Co., 81 Fla. 568, 88 Sou. Rep. 266; Florida Trust & Banking Co. v. Consolidated Title Co., 86 Fla. 317, 98 Sou. Rep. 915. Title to such property is not necessarily involved in replevin. Covington v. Clemmons, 61 Fla. 151, 55 Sou. Rep. 81) though it is sometimes necessary to determine title to the property involved. Belden v. Laing, 8 Mich. 500; Delco Light Co. v. Hutchinson Properties, 99 Fla. 410, 128 So. 831.

In this case the jury was required by the replevin statute (Section 5346 C. G. L., 3498 R. G. S., second paragraph) to ascertain from the evidence and fix in their verdict*

---

*For the information and guidance of the bench and bar the verdict and judgment in this case is reproduced as an appropriate one to be used in cases like this:

"We, the jury, find for the plaintiff, Atlas-Imperial Diesel Engine Company, and against the defendant, Nikitas Pavlis.

"We further find that the plaintiff, Atlas-Imperial Diesel Engine Company, is now and was at the time of the institution of this suit, to-wit, on the 11th day of April, 1930, the owner of and entitled to the immediate possession of that certain personal property described as follows, to-wit: 'One 3-cylinder 30 H. P. Four Cycle, Solid Injection, Atlas-Imperial Marine Diesel Engine 6½" bore x 8½ stroke at 475 R. P. H., together with all equipment,' and as described in the declaration.

"We further find that the value of the above described personal property is the sum of $2,500.00.

the value of the property involved, in order that plaintiff in the case might, as the statute provides, have judgment entered for the recovery of the property, *or* of the amount adjudged against the defendant and his sureties. It was therefore an error of harmful character for the trial court to have foreclosed against the defendant in the court below

"We further find that the amount of the special interest of the plaintiff and to the above described personal property is the sum of $3,623.62 principal and $375.00 interest, making a total of $3,998.62. •

"We further find that the above described property was redelivered to the defendant upon a forthcoming bond upon which H. W. Shell and Nick Georgiades were his sureties.

"So say we all.

"Feb. 28th, 1934.                    "W. A. MOREE, *Foreman.*"

"It is, thereupon, *ordered* and *adjudged* that the plaintiff, Atlas-Imperial Diesel Engine Company, a corporation, do have and recover of and from the defendant, Nikitas Pavlis, the immediate possession of said personal property described in the verdict, to-wit: One 3 cylinder, 30 H. P. Four Cycle, Solid Injection, Atlas Imperial Marine Diesel Engine 6½" bore x 8½" stroke at 475 R. P. M., together with all equipment, as described in the declaration.

"It is *further ordered and adjudged* that the plaintiff, Atlas-Imperial Diesel Engine Company, a corporation, do have and recover of and from the defendant, Nikitas Pavlis, and his sureties, to-wit: H. W. Snell and Nick Georgiades, the value of the plaintiff's special interest, to-wit: Three Thousand Nine Hundred Ninety-eight and 62/100 Dollars ($3,998.62) together with its costs in this behalf expended amounting to $44.05, for all of which let execution issue to be levied on the goods and chattels, lands and tenements of the said defendant and sureties on the bond of the said defendant and to said plaintiff rendered."

As will appear by reference to the opinion, however, the amount of the judgment above entered should have been limited to $2,500.00, the *found* value of the property and not for the value of the special interest when the value of such special interest exceeds the ascertained value of the replevied property.

the opportunity of submitting an appropriate evidence as to the value of the property, after the case had been re-opened in plaintiff's favor on that issue. The statute does not authorize a recovery against the defendant and his sureties for a special interest in the replevied property greater than its ascertained value as stated in the verdict.

Under Section 4640 C. G. L., 2921 R. G. S., new trials, when awarded by this Court on writs of error, shall be had on all of the issues shown by the record, or upon part only of such issues, as the judgment and mandate of the Supreme Court shall direct in the particular case. When not expressly so limited by an appellate court, the new trial is to be presumed as awarded on all issues. In this case, however, we deem it proper to expressly limit the new trial of the issues to the question of the value of the property and damages, if any, allowable in this case, for the unlawful detention of the property sued for, the judgment on all issues of law and fact up to and including the direction of verdict for plaintiff below (subject to the error above sustained) to be considered as affirmed.

Reversed for retrial on limited issues as stated in opinion, otherwise affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.