NIKITAS PAVLIS v. ATLAS IMPERIAL DIESEL ENGINE CO.

172 So. 57.
Opinion Filed January 9, 1937.

*J. C. Davant,* for Plaintiff in Error;

*Hampton, Bull & Crom,* and *Mabry, Reaves, Carlton & White,* for Defendant in Error.

BUFORD, J.—This is the second appearance of this case here. See Pavlis v. Atlas-Imperial Diesel Engine Co., 121 Fla. 185, 163 Sou. 515. The enunciations in that opinion became the law governing this case. Valdosta Merc. Co. v. White, 56 Fla. 704, 47 Sou. 961; McKinnon v. Johnson, 57 Fla. 120, 48 Sou. 910; Purvis, Sheriff, v. Frink, 61 Fla. 712, 54 Sou. 862; Fidelity Deposit Co. of Maryland v. Aultman, 61 Fla. 198, 55 Sou. 273; Paul v. Commercial Bank of Ocala, 69 Fla. 62, 68 Sou. 68; Kemp v. Skivesen, 114 Fla. 667, 154 Sou. 688.

On retrial the only issues to be submitted to the jury and the only issues submitted were those specifically named in the former opinion, in which it was said:

"In this case, however, we deem it proper to expressly limit the new trial of the issues to the question of the value of the property and damages, if any, allowable in this case for the unlawful detention of the property sued for."

It is well settled that this Court upon considering a case on a second writ of error takes judicial notice and knowledge of the opinion and judgment rendered on the first writ of error as well as of the facts presented by the transcript of the record in the original case, while it will not take judicial notice in deciding one case of what may be contained in the record and proceedings of another separate and distinct case unless such records of pleadings of the other case be brought to the attention of this Court by being incorporated in the pleadings or record of the case under

consideration. State, *ex rel.* DuPont-Ball, Inc., v. Livingston, 104 Fla. 33, 139 Sou. 360, and cases there cited.

The plaintiff in error now contends in effect that because the value of the property was fixed as of April 11, 1930, instead of having been fixed as of October 31, 1930, when the alias writ of replevin was served, the Court committed reversible error. It is also contended that because the plaintiff did not attempt to prove damages by reason of the unlawful detention of the property in addition to the value thereof on the first trial that it had thereby waived its right to make proof of, and contend for, such damages on the retrial after reversal of judgment and remand of the cause.

There is substantial evidence in the record to show that under the retain title contract for the purchase and sale of the property here involved the plaintiff was entitled to possession of the property because of default before the institution of the suit. Suit was instituted on April 11, 1930.

It, therefore, follows that the defendant was guilty of unlawful detention of the property at least from the date of the institution· of the suit because the record on the former appeal shows that specific demand was made by the plaintiff through its agent prior to the institution of the suit and that default had occurred entitling the plaintiff to possession. This point was definitely settled by· this Court in the case of Fla. Trust & Banking Co. v. Consolidated Title Co., 86 Fla. 317, 98 Sou. 915, and also in the case of Voges v. Ward, 98 Fla. 306, 123 Sou. 785.

That the plaintiff in the first trial did not attempt to prove or contend for his damages arising by reason of the unlawful detention of the property in no way barred him from exercising his right to contend for such damages on the

second trial pursuant to reversal with directions from this Court as hereinabove stated.

No reversible error being shown, the judgment·should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.