MRS. CLARA (P. J.) PARRAMORE v. C. P. SMITH, J. A. SMITH, and MARION ANDERSON.

27 So. (2nd) 670                          June Term, 1946
October 25, 1946                          Special Division B

*Davis, Davis & McClure, Charles E. Davis,* for appellant.
*R. C. Horne* and *William M. McChesney,* for appellees.

THOMAS, J.:

The appellees brought an action in replevin to recover from the appellant certain antique furniture of considerable value. It is undisputed that the property was originally owned by Archer Smith, father of appellees, who are full brothers despite the variation in surnames. When the father died in 1913 the property became appellees', or at least they regarded it as theirs, and thenceforth, in the hands of C. P. Smith it remained, by agreement of the brothers, until about 1934. There is much conflict, however, in the stories of appellant and appellee C. P. Smith about the circumstances under which the former came into possession of the property. This appellee claims that he lent it to the appellant with the understanding that she would have it refurbished and would return the property at any time upon being reimbursed for the amount

she spent for the purpose; she, on the other hand, claims that she received it from him in consideration of the payment by her of a bill of $25 he owed, and that the property was hers.

We shall not attempt an analysis of the testimony, but shall dismiss that feature of the case by observing that, weighing appellant's own account of the manner in which she got the property and the amount she paid for it compared with the testimony of its value, and considering with this the positive testimony bearing on the interest of all three appellees and supporting the position that title was never transferred to her, there was ample proof to justify the conclusion of the jury that the appellees should be awarded a verdict. So much for the question of fact presented in this appeal.

Although the primary question involved in an action of this kind is the right of possession, and the matter of ownership is secondary, nevertheless ownership may in some instances become important, as in a situation where one person holds the title while another has the right of possession. It seems to us that C. P. Smith could have maintained this action without joining his brothers inasmuch as he had had, with consent of his brothers, actual possession of the property ever since the father died, and it was from him that appellant received it. Even though appellee C. P. Smith could have brought the action alone, the rights of himself and his brothers were not compromised because they joined him.

In ordinary circumstances one joint owner, as such, cannot maintain replevin against a stranger, but the rule would not govern this controversy. There was sufficient right of possession in all three appellees, although one of them held the property for all, to qualify all of them to bring the action for recovery without regard to ownership. When all joined, we do not believe that they were then to be considered in the category of joint owners suing to obtain possession as an incident to ownership. The distinction is quite technical, but the point becomes important because of the opportunity afforded the defendant to impeach the title in case the plaintiffs J. A. Smith and Marion Anderson were suing as owners ipso facto entitled to possession as distinguished from persons who had once had possession.

There was an attempt to inject into the trial of this case the issue whether the appellees had properly obtained the property from the estate of Archer Smith, their father. From the authorities we have consulted it seems that title in a third person may be shown as a defense if the defendant can connect himself with the title from the stranger to the suit or if the plaintiff has never had possession and relies upon his ownership to establish his right to it. Here appellant made no attempt to show any connection with the title in the administrator of the estate of Archur Smith, but she did attack the source of title in appellees, presumably on the theory that two of appellees had not possessed the property.

In this case the property was actually in the possession of C. P. Smith, who clearly held it for his brothers as well as for himself. By him it was delivered to appellant—on his own behalf as well as for them. We consider this sufficient showing of original possession by all three to justify the action in the names of all three; that they were in the category of possessors as distinguished from owners; and that therefore the appellant could not, on the theory that J. A. Smith and Marion Anderson, if owners, had never had possession, avail herself of the defense that title had not properly been transferred from the administrator of the estate to these three persons.

The jury decided the disputed facts surrounding the delivery to appellant, and we conclude that both from a standpoint of law and evidence the judgment was correct; so it is—

Affirmed.

CHAPMAN, C. J., BROWN, J., and BARNS, Circuit Judge, concur.