EMMIE R. ADAMS, ET AL., EXECUTRIX AND EXECUTORS OF THE ESTATE OF CHARLES W. ADAMS, DECEASED, ET AL., v. EMMIE R. ADAMS.

28 So. (2nd) 254

December 3, 1946

June Term, 1946

Division A

*Paul Ritter,* for Charles Walton Adams, Jr., and Mary Reynolds Adams, *A. Summerlin* for Emmie R. Adams, Executrix, Wilber Earl Adams and Bob T. Reynolds, as Executors, Estate of Charles W. Adams, deceased; *H. G. Stephenson* and *W. H. Hamilton,* for William Hill Adams and Wilbur Earl Adams, appellants.

*H. C. Crittenden,* for appellee.

TERRELL, J.:

Charles W. Adams died in March, 1945, leaving his widow, Emmie R. Adams, and two children, Charles W. Adams, Jr., and Mary Reynolds Adams, surviving him. He left as homestead property one hundred acres of citrus grove on which was a mature crop of fruit and a second crop which was not mature. In his will the deceased left the estate in trust for his widow and children, to share alike. The executors and the children brought this suit by way of declaratory decree to determine whether the proceeds of the two crops of fruit should go to the widow as part of the homestead or whether it was personal property, passing to the executors to be distributed under the will. The chancellor held that it was part of the homestead and belonged to the widow. This appeal was prosecuted from that decree.

Appellants contend that the citrus fruit or the proceeds of it was personal property and passed to the executors to be distributed under the will. To support this contention they rely on Gentile Bros., Inc. v. Bryan, 101 Fla. 233, 133 So. 630. It is true that language in the latter case, if read in the abstract, may be so construed, but, if read in its environment, we do not think it permits this interpretation. The court was confronted with a mortgage lien given to secure supplies furnished and services rendered to the grove exclusive of the land; the mortgage in other words related only to the crop of citrus fruit. Under such circumstances the Court did say that the "fruit when produced from such annual cultivation and attention may by law be classed as 'fructus industriales' and not 'fructus naturales' when the mortgage gives no lien upon or interest in the land or the trees."

We do not think this case rules the case at bar. In Simmons v. Williford, 60 Fla. 359, 53 So. 452, this court approved the rule that "crops of fruit growing on trees, whether regarded as fructus naturales or fructus industriales, are in general parts of the realty, and unless reserved, go with the realty in its transfer. But by the acts and intention of an owner of land containing bearing fruit trees the growing fruit may be converted into personalty for purposes of sale." Summerlin v. Orange Shores, Inc., 97 Fla. 996, 122 So. 508; E. C. Fritz & Co. v. Eldridge, 129 Fla. 647, 176 So. 539; Griffith v. Hulian, 90 Fla. 582, 107 So. 354; Miller v. Carr, 137 Fla. 114, 188 So. 103, and other cases support this view.

This conclusion is supported by the Crop Lien Act., Chapter 10279, Acts of 1925, and other acts which show conclusively the rule in this State to be that crops unseparated from the trees or vine are a part of the real estate till separated and follow the latter unless in terms reserved by the seller. We find some exception to this rule, but it is the one generally approved throughout the country. We do not overlook the contention of appellants that growing citrus fruits are never fructus naturales but must at all times be fructus industriales, because they require cultivation by hand. Much learned discussion has been given to this distinction but it has been tempered in this country by crop lien acts and by judicial interpretation. In Florida the fruit follows the realty unless in terms reserved.

It is accordingly our view that the citrus crops in question were a part of the real estate and passed to the widow with the homestead, so the judgment of the chancellor must be and is hereby affirmed.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.