CARROLL, CHAS., Judge.
The appellant sued in equity to have a lease under which it had held an aircraft declared to be a loan arrangement infected with usury. Possession of the aircraft had been retaken by appellees for alleged nonpayment of rent.
The complaint was stricken for sham, leaving pending a legal counterclaim for certain unpaid monthly rent and additional rent based on the period of operation of the aircraft. The items for which damages were sought were disclosed in the counterclaim as follows:
“V. Pursuant to the terms of said agreements, Riddle Airlines, Inc., as lessee, was obligated to pay on April 13, 1960, monthly rental for the described aircraft property in the sum of $1,500.00. In spite of demand made upon said lessee for payment of said sum, said lessee has failed and refused to make said payment, and thereby has committed a material breach of said agreements and thereby has become in default thereunder.
* * * * * *
“VIII. Upon termination of the agreements between the parties as aforesaid, Riddle Airlines, Inc., became obligated on May 1, 1960, to return to these counter-claimants the described aircraft property in as good condition as it was at its delivery to Riddle Airlines, Inc., and with zero time on its engines, propellers and airframe, or, in the alternative, to re-deliver said aircraft property at said time with greater than zero time on its engines, propellers and air frame, and in such event to pay to these counterclaimants the sum of $3.00 per hour for each air frame hour and the sum of $4.50 per hour for each hour of engine time on each engine. These counterclaimants have possession of said aircraft property but are without accurate information or knowledge as to the amount of air frame and engine time accrued thereon above-zero time. Upon information and belief these counterclaimants say that the air frame time at the time of repossession exceeded 6,000 hours and that the engine time per engine exceeded 500 hours.
“IX. Counter-defendant, Riddle Airlines, Inc., by reason of the foregoing, is indebted to these counterclaimants in the sum of $1,500.00 plus interest thereon at the rate of 6% per annum from and after April 13, 1960, plus all costs, expenses and attorney’s fees incurred or to be incurred by these counterclaimants in enforcing and protecting their rights under said agreements, plus a sum equal to $3.00 for each hour of operation of the air frame since October 13, 1955, and plus a sum equal to $4.50 for each hour of operation of each engine installed on the aircraft since the time of the last major overhaul of each such engine.”
Appellees-counterclaimants moved the chancellor for an order requiring the appellant to deliver to them the records held by appellant relating to the aircraft. That motion entitled, “Motion for Order Requiring Delivery of Records,” read as follows:
‘‘Defendant, Philip A. Mann, on behalf of the defendants herein, doing business as *684 Aircraft Investment Company, represents unto the Court that in such behalf he has made demand upon plaintiff for delivery to said defendants of certain documents and records pertaining to and belonging with the aircraft described as No. 9891 F, and that plaintiff has refused to deliver said ■documents and records, although they constitute an integral part of the aircraft and its components.
'“The following is a description of the documents and records in question:
“All repair, maintenance, inspection, overhaul, replacement operations and flight records of C 46 aircraft in 9891 F, including but not limited to the following items:
“1. The complete history of the aircraft consisting of the full records of the major overhaul performed on the aircraft in 1955 and 1956 and the full records of repair and maintenance performed on the aircraft from completion of said major overhaul to date.”
“2. All original mechanics’ work sheets.
“3. F.A.A. or C.A.A. forms No. 305, No. 319 and No. 337 covering the period 1956 to date.
“4. All files and records showing installation, repair, maintenance and replacement of individual aircraft component parts related to the aircraft •covering a period of time from the aforesaid major overhauling to date, and specifically including all component part time records.
“5. All daily flight log books, old •and new.
“6. The operating manual for said •aircraft.
“7. The maintenance and repair manual for said aircraft.
“8. All aircraft, engine and propeller logs for the aircraft described and for the engines and propellers installed.
“9. The weight and balance sheets for said aircraft.
“10. All documents reflecting compliance with airworthiness and directives from time of major overhaul to date.
“11. All documents evidencing performance of service bulletins from major overhaul to date.
“12. All radio logs pertaining to all radio equipment installed on the aircraft.
“13. All records of conversion, licensing and approval of the aircraft as converted, including drawings approved by C.A.A. and F.A.A.
“The aforesaid documents and records are the property of the moving defendants and are needed by them for proper maintenance, use, inspection, overhaul, operation, documentation, sale or lease of the aircraft.
“Wherefore, the defendant Philip A. Mann, on behalf of the joint venture defendants, moves the Court to enter and issue its affirmative injunctive order directed to plaintiff, ordering and directing it to deliver forthwith to said defendants the documents and records specified above.”
The foregoing motion was supported by an affidavit of one of the counterclaimants revealing that an offer had been received from an air line company to purchase the aircraft, and that the offer contemplated prompt acceptance and an early delivery. At a hearing on the motion, counsel for counterdefendant objected thereto, and contended that the court was without jurisdiction to enter the order.[1] Following ar *685 gument on the motion the court entered an order on June 24, 1960, requiring the coun-terdefendant to deliver such records to the counterclaimants. Thereupon, the counter-defendant Riddle Airlines, Inc. filed this interlocutory appeal from that order.
The motion on which the order was entered was not one for discovery under rule 1.28, Fla.Rules Civ.Proc., 30 F.S.A., but was grounded on the stated need of the coun-terclaimants for the records in their use of the aircraft and on their contention that such records should be considered as property of the owners of the aircraft and should follow it. It is plain from the record that the movants did not seek the records for discovery or to aid in establishing their counterclaim for rental of the aircraft, but rather on the basis that they needed them to satisfy requirements of regulatory authorities as to the aircraft’s condition and operational qualifications.
 The form of action prescribed to recover possession of one’s personal property which is withheld by another is the statutory action of replevin, as provided for by Chapter 78, Fla.Stat., F.S.A., a cause of action not permitted to be joined with others (§ 46.08, Fla.Stat., F.S.A.). See Covington v. Clemmons, 61 Fla. 151, 55 So. 81, 83; Pavlis v. Atlas-Imperial Diesel Engine Co, 121 Fla. 185, 163 So. 515, 516-517; Parramore v. Smith, 1946, 158 Fla. 85, 27 So.2d 670, 671. The parties seeking to obtain possession of the records did not file a replevin action or any suit to establish their ownership or right to possession. The action in which the counterdefendants filed the motion for delivery of the records was one which sought only money damages for nonpayment of rent under the lease. They had caused the appellant’s complaint which dealt with the lease to be stricken for sham. The counterclaim did not constitute a suit for the records, nor did it purport to do so.
In reversing the order directing delivery of the records involved, we do not hold or imply that the appellees may not, in replev-in or in some other proper action or suit, seek a judgment or decree establishing in them a title or right to possession of the records, relating to the aircraft now in their possession. And we express no view on the merits of such an issue, which is one to be pleaded and determined in the trial court.
Accordingly, the order appealed from is reversed.
Reversed.
PEARSON, Acting C. J, and HALL, W. TROY, Jr, Associate Judge, concur.

. The record discloses the objection made in the following form:
“Hr. Levenson: May I suggest that the Court neither has jurisdiction over the subject matter, nor jurisdiction or power to enter the order as requested. “Tlie Court: State your reasons.
“Mr. Levenson: The documents specified in that motion are not at all part of the pleadings in this case, or within the scope of this lawsuit.”