PER CURIAM.
By these consolidated appeals, the appellants seek review of two orders entered subsequent to the mandate going down in Kusens v. Johannesburg, Fla.App.1966, 182 So.2d 468. One of these orders discharged the escrow agent referred to in the cited case. The other dismissed an amended complaint for partition.
 The orders under review arrived in this court with a presumption of correctness. Dade County v. Pepper, Fla.App.1964, 168 So.2d 198; Althouse v. State Farm Fire & Casualty Company, Fla.App.1966, 183 So.2d 859; Coleman v. Coleman, Fla.App.1966, 191 So.2d 460. It was incumbent upon the appellants to make error appear. Easton v. Weir, Fla.App.1966, 188 So.2d 1; City of South Bay v. Armstrong, Fla.App.1966, 188 So.2d 21. Measuring the orders complained of in light of these principles, we find no error in the order discharging the escrow agent [see: McFadden v. Swinerton, 36 Or. 336, 59 P. 816, 62 P. 12; Golden v. O’Connell, 76 W.Va. 282, 85 S.E. 533; 2 A.L.R. 463], and no error in the order dismissing the amended complaint for partition. The issue of the right of the appellant, Lois Kusens, *469 to an interest in the title to the property involved was raised in the earlier proceeding and ruled on adversely to her. See: McKinnon v. Johnson, 57 Fla. 120, 48 So. 910; Pavlis v. Atlas-Imperial Diesel Engine Co., 126 Fla. 808, 172 So. 57; Gordon v. Gordon, Fla.1952, 59 So.2d 40.
Therefore, we find no error in the orders here under review and same are hereby affirmed.
Affirmed.