210 So.2d 495 (1968)
Paul PEER, Claude Peer, Angie Peer Parr, Okey Peer Scott, Carl Dixon, Maxie Dixon Roe, Wilma Dixon Gilbert, Marjorie Dixon McCane, and Helen Dixon, Appellants,
v.
J.H. WILLSON, As Executor of the Estate of Ollie Peer, Deceased, Appellee.
No. 67-375.
District Court of Appeal of Florida. Second District.
May 17, 1968.
*496 Monte J. Tillis, Jr., Bartow, for appellants.
William A. Norris, Jr., Bartow, for appellee.
LILES, Chief Judge.
This is an appeal from a declaratory judgment. The suit for declaratory judgment sought a determination of the rights of the plaintiff-appellee, as personal representative of the deceased life tenant, to the proceeds from the sale of a crop of Valencia oranges.
Ollie Peer died testate on December 20, 1965. At the time of her death she was a life tenant of an orange grove located in Polk County. The life estate was created by the Last Will and Testament of W.F. Peer, the deceased husband of Ollie Peer. The Will further provided that five children from a previous marriage of W.F. Peer would be the remaindermen of Ollie Peer's life estate.
Ollie Peer maintained the grove from the time of her husband's death until her death, and each year she received the proceeds from the sale of the fruit. At the time of her death there was growing on the citrus trees a crop of immature and unsold Valencia oranges. During the year 1965, Ollie Peer had expended $2,300.00 of her money for the care and cultivation of the immature fruit.
The circuit court entered a judgment declaring that the proceeds of the sale of the Valencia crop be paid to the personal representative of the estate of Ollie Peer rather than to the remaindermen. The appellants, remaindermen, have appealed from that judgment.
The issue presented is should the immature orange crop, which was on the trees at the time of the life tenant's death, pass as personal property to the personal representative of the deceased life tenant or should it pass as real property to the remaindermen.
We believe that the case of Adams et al. v. Adams, 1946, 158 Fla. 173, 28 So.2d 254, is controlling. In Adams the Supreme Court said at page 255:
"* * * `Crops of fruit growing on trees, whether regarded as fructus naturales or fructus industriales, are in general parts of the realty, and unless reserved, go with the realty in its transfer. But by the acts and intention of an owner of land containing bearing fruit trees the growing fruit may be converted into personalty for purposes of sale.' Summerlin v. Orange Shores, Inc., 97 Fla. 996, 122 So. 508; E.C. Fritz & Co. v. Eldridge, 129 Fla. 647, 176 So. 539; Griffith v. Hulion, 90 Fla. 582, 107 So. 354; Miller v. Carr, 137 *497 Fla. 114, 188 So. 103, and other cases support this view.
"This conclusion is supported by the Crop Lien Act, Chapter 10279, Acts of 1925, and other acts which show conclusively the rule in this State to be that crops unseparated from the trees or vine are a part of the real estate till separated and follow the latter unless in terms reserved by the seller. We find some exception to this rule, but it is the one generally approved throughout the country. We do not overlook the contention of appellants that growing citrus fruits are never fructus naturales but must at all times be fructus industriales, because they require cultivation by hand. Much learned discussion has been given to this distinction but it has been tempered in this country by crop lien acts and by judicial interpretation. In Florida the fruit follows the realty unless in terms reserved."
See Simmons v. Williford, 1910, 60 Fla. 359, 53 So. 452; Owen v. Commissioner of Internal Revenue, 192 F.2d 1006 (5th Cir.1951), questioned on grounds not pertinent here, Watson v. Commissioner of Internal Revenue, 345 U.S. 544, 73 S.Ct. 848, 97 L.Ed. 1232 (1953).
We find, upon the authority of the cases cited above, that the circuit judge erred in finding for the personal representative of the deceased life tenant and we reverse the judgment.
As mentioned above, the deceased life tenant expended $2,300.00 in the maintenance and cultivation of the orange crop. The circuit judge in finding for the personal representative of the deceased life tenant stressed that if he held for the remaindermen they would be unjustly enriched at the expense of the life tenant. We believe that the circuit court, in order to avoid this unjust enrichment, should have awarded $2,300.00 of the proceeds from the sale to the personal representative. See Lloyd v. First National Trust & Savings Bank of Fullerton, 101 Cal. App.2d 579, 225 P.2d 962 (1951). The remaindermen, at trial and on appeal, have expressed their willingness to follow this procedure in order to solve the problem of possible unjust enrichment.
The judgment appealed from is reversed and remanded for disposition consistent with this opinion.
ALLEN and HOBSON, JJ., concur.