MANN, Judge.
The document in this case is identical to that construed in Transport Rental Systems, Inc. v. Hertz Corp., 129 So.2d 454 (Fla.App.1954), except that in this case paragraph 16 reads as follows:
“Lessee acknowledges that all vehicles leased under this Agreement have been acquired especially for Lessee’s exclusive use; therefore, in the event of cancellation of this Agreement, Lessee agrees to purchase all vehicles leased hereunder in accordance with all the provisions set forth in Paragraphs # 18 and # 19.”
The Court below held that the instrument was a conditional sale and not a lease and that when the appellant repossessed the vehicles after appellee’s default in payment for more than three months it made an election of remedies which thereafter precluded its recovery of unpaid “rental” charges. This decision was correct. An arrangement which can be terminated only by the end of the world or the purchase of the property cannot be called a lease. The case being governed by the law in effect prior to the adoption of the Uniform Commercial Code, the appellant’s election is binding. Voges v. Ward, 98 Fla. 304, 123 So. 785 (1929).
One count of the amended complaint alleges that the appellee was unjustly enriched because of its exclusive use of the vehicles for the period for which the agreement was in default, because of expenses incurred by the appellant in “keeping subject vehicles in operational condition”, including maintenance and repairs, tires, fuel, oil, license and insurance expenses, and because appellant “incurred and paid approximately $69,000.00 for maintenance, fuel and other miscellaneous expenses.” This is an inartistic allegation of unjust enrichment. It views the matter from the standpoint of appellant’s expenditures under the agreement, rather than from that of the appellee’s receipt unjustly of that for which it has not paid and ought to pay. We believe that the appellant ought to be allowed to prove unjust enrichment to the extent that it has incurred expense for the operation, as distinguished from the maintenance, of these vehicles. The expense of maintaining the vehicles benefits the conditional vendor who retook possession. This cannot be said of those expenses incurred by appellant which relate solely to operation. Thus a portion of the $69,000.00 appellant alleges it spent for maintenance, fuel and other miscellaneous expenses would fall into this category. The inclusion in the allegation of maintenance, repairs and other expenses incurred in the preservation of the retaken property along with fuel should not preclude proof of unjust enrichment to the extent that purely operational expense was incurred. See Peer v. Willson, 210 So.2d 495 (Fla.App.1968).
Affirmed in part, reversed in part.
ALLEN, Acting C. J., and HOBSON, J., concur.