HENDRY, Judge.
The appellant was defendant below in a negligence action brought by the appellees. 'The cause was tried before a jury on the issue of the negligence of the defendant, its servants or employees, in striking ap-pellee Lillian Kitchener with several super market “buggies”. During the course of trial, counsel for plaintiffs announced the completion of their case; thereafter, counsel for defendant moved for a directed verdict, upon which motion the court deferred ruling. At that point in the proceedings, counsel for plaintiffs then requested leave to reopen their case to present further evidence. Objection was made by counsel for the defendant on the ground that plaintiffs had already rested.
The court overruled the objection, thereby allowing the plaintiffs to continue their case.[1]
*502 Appellant’s first point on appeal is that the court erred in granting the plaintiff’s request to reopen their case after they had rested. This question is directed to the sound judicial discretion of the trial court, and the exercise of such discretion will not be reversed upon appeal unless the appellant demonstrates a clear showing of abuse. Pavlis v. Atlas-Imperial Diesel Engine Company, 121 Fla. 185, 163 So. 515; Eli-Witt Cigar and Tobacco Company v. Matatics, Fla.1951, 55 So.2d 549; Williamson Candy Company v. Lewis, Fla.App.1962, 144 So.2d 522. We do not view the record on appeal as demonstrating that an abuse of discretion occurred herein.
The appellants also objected to part of the evidence which was submitted after the plaintiffs had reopened their case, ,to-wit: the reading of the deposition of one of the plaintiffs, Leonard Kitchener. The ground underlying this point on appeal is that this plaintiff was not shown to be outside of the one hundred mile jurisdictional limit of the court as required by Rule 1.280 (d), Florida Rules of Civil Procedure, 30 F.S.A. However, the record indicates that defense counsel objected to the reading of the deposition on the sole ground that the plaintiffs should not have been allowed to reopen their case after resting. In view of the fact that the appellant failed to raise the specific legal objection on which it now relies to the trial court, we must reject its contention that the court abused its discretion by virtue of admitting into evidence the reading of the deposition. See 32 Fla.Jur. Trial § 53, 55; 2 Fla.Jur. Appeals § 82.
As its final point on appeal, the appellant also contends that the court improperly allowed counsel for the plaintiffs to tally up the separate damage claims and, for the first time, state the total amount requested from the jury during the final rebuttal argument. This point is without merit, as a viewing of the record shows that the specific items of damage and the costs were enumerated by counsel in his initial closing argument to the jury, and we do not view his totalling of those figures during final rebuttal argument as constituting surprise. Cf. Florida East Coast Railway Co. v. Morgan, Fla.App. 1968, 213 So.2d 632, 635.
For the reasons given above, the final judgment being appealed is hereby affirmed.
Affirmed.

. “MR. GUSTINGER: Judge, while you are here, I wish to offer part of the plaintiff husband’s deposition, if I may, and this may clear this up completely.
“MR. WEST: Just a moment. I object to this. The plaintiffs have rested and motions have been made. It is completely improper.”
“THE COURT: Well, the Court might be inclined to grant your request to reopen for this purpose. I overrule the objection as to reopening, hut do you have any other objections? I’m not sure what your objection was.
“MR. WEST: Well, if your Honor please, the plaintiffs rested, and the defense has made motions addressed to the proof. Then the plaintiffs say, ‘Oh, well, there is a possibility this is well taken. We want to reopen the case.’ I think this is completely in error, an erroneous procedure.
“THE COURT: I think it’s discretionary. The objection is overruled.”
* * * * *
“MR. WEST: We move to strike the portion of the testimony read at the behest of plaintiffs’ counsel of the plaintiff husband as, I believe, under the Rule a deposition taken of a party can only he read by the adverse party. I don’t believe the party himself has the privilege of reading it.
“MR. GUSTINGER: Under the circumstances, they may be read by any party, your Honor.
“MR. WEST: If he is ill or—
“THE COURT: That’s the reason I asked. You didn’t have any objection other than reopening the ease. I was wondering about that. I think you may be right, but I don’t know whether I want to strike it now.
“MR. WEST: Well, there is an old trite saying, ‘What is food for the goose is food for the gander.’ It didn’t strike me at the moment.
“MR. GUSTINGER: He actually read part of it himself, your Honor.
“MR. WEST: I am entitled to do it.
“MR. GUSTINGER: But under these circumstances, I think he can’t say that now he would like to have the whole thing stricken because he entered into it.
*502 “MR. WEST: I didn’t ask for the whole thing to be stricken. I asked for those portions that were read at the behest of the plaintiff.
“THE COURT: Well, your motion is denied, then, because since you are not moving — Well, anyway, the motion is denied.”