346 So.2d 100 (1977)
The CITY OF MIAMI, Etc., et al., Appellants,
v.
FRATERNAL ORDER OF POLICE, Etc., et al., Appellees.
No. 76-1788.
District Court of Appeal of Florida, Third District.
May 17, 1977.
George F. Knox, City Atty., and Eugene M. Steinfeld, Asst. City Atty., Miami, for appellants.
Weinsoff, Weinsoff & Carney and Hyman Einstein, Miami, for appellees.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
HAVERFIELD, Judge.
The City of Miami appeals an order entered pursuant to plaintiffs' motion for relief under Fla.R.Civ.P. 1.380 requiring the City to produce documents requested by plaintiffs and to pay their reasonable expenses, including attorney's fees, incurred with respect to this discovery matter.
Plaintiffs Robert M. Edmunds and Ernesto Ruiz were employed as probationary police officers by the City of Miami and were members of the plaintiff Fraternal Order of Police Lodge No. 20. A collective bargaining agreement providing for the establishment *101 of a disciplinary review board for the purpose of conducting hearings prior to a member being dismissed, demoted, fired, suspended or suffering a forfeiture of time had been entered into between the City and the Fraternal Order of Police Lodge No. 20. Edmunds and Ruiz were dismissed while still on a probationary status without a pre-termination hearing before the disciplinary review board, despite their requests for such a hearing. Edmunds, Ruiz and the Fraternal Order of Police then filed a complaint against the City alleging that the City had breached the collective bargaining agreement in failing to afford plaintiffs, "probationary" police officers, the right to review their dismissals by the departmental disciplinary board. In pursuit of pretrial discovery, plaintiffs on April 30, 1976 pursuant to Fla.R.Civ.P. 1.350 requested the City to produce the following records and documents:
"1. Copies of the Applications for Employment of ERNESTO RUIZ and ROBERT M. EDMUNDS.
"2. Copies of each and every other form filled out by the Plaintiffs requested voluntarily by the Defendant, CITY OF MIAMI, for paying the job of police officer and/or admission to the Police Academy.
"3. Copies of each and every investigation made of the Applications and supporting documents by the Plaintiffs used to procure the job of police officer.
"4. Copies of each and every document secured by the CITY OF MIAMI and/or Police Department during the investigation of the Applications of the Plaintiffs.
"5. Copies of each and every Memorandum secured by the Police Department for the inter-office, or from sources outside the CITY OF MIAMI, used in connection with the Applications for the job of police officer by the Plaintiff.
"6. Copies of the personnel files of the Plaintiff.
"7. Copies of the internal security file of the CITY OF MIAMI Police Department on the Plaintiffs.
"8. Copies of any documents pertaining into the inquiry of the CITY OF MIAMI for the recommendation to the Plaintiffs to obtain psychiatric or psychological evaluations, and the result thereof, or any medical or psychological reports resulting from such evaluations."
The City filed objections to this request and the plaintiffs filed a motion to compel the City to comply. After argument of counsel, the trial judge on July 1, 1976 ordered the City to produce the requested documents within 10 days. The City responded with a motion to vacate the July 1 order which apparently was never set for hearing. Subsequently, plaintiffs filed a motion for relief pursuant to Fla.R.Civ.P. 1.380 and after a hearing, the judge entered an order (1) directing the City to produce the documents enumerated in plaintiffs' April 30 request for production by September 18, 1976, and (2) requiring the City to pay plaintiffs' reasonable expenses, including attorney's fees. We reverse.
One of the primary purposes of pretrial discovery is to discover evidence that is pertinent to the triable issues. Jones v. Seaboard Coast Line Railroad Company, 297 So.2d 861 (Fla.2d DCA 1974); Reynolds v. Hofmann, 305 So.2d 294 (Fla.3d DCA 1974).
The issue presented is whether under the terms of the collective bargaining agreement, plaintiffs as probationary police officers are entitled to a hearing before the departmental disciplinary review board before they can be dismissed.
It is readily apparent that the documents requested by the plaintiffs are not pertinent to this issue and the order for their production is not justified. Cf. Cooper v. Fulton, 117 So.2d 33 (Fla.3d DCA 1960); Riddle Airlines, Inc. v. Mann, 123 So.2d 682 (Fla.3d DCA 1960); West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla.1st DCA 1975); Stone v. Travelers Insurance Company, 326 So.2d 241 (Fla.3d DCA 1976). Plaintiffs must prevail on this preliminary issue before they may be permitted to prove that the requested documents *102 are within the proper scope of discovery.
The order requiring production and payment of plaintiffs' reasonable expenses is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.