DANIEL S. PEARSON, Judge.
At stake in this litigation are the respective rights of Leonard Wisniewski, the plaintiff, and the Republic of Haiti, an intervening defendant, to the possession of two antique cannons located on the premises of the Historical Association of Southern Florida, Inc. Wisniewski’s claim derives from his being the purchaser from, and assignee of, Marine Exploration Company, which loaned the cannons to the Historical Association, as bailee, to exhibit them with the understanding that the cannons would be returned to Marine upon demand. Marine, and later Wisniewski, indisputably standing in Marine’s shoes, made this demand, and upon being refused possession, Wisniewski brought a replevin action. Haiti’s claim, if claim it can be called, derives from (a) the gratuitous mention of the Haitian Government in Marine’s loan letter to the Historical Museum[1]; (b) an “official newspaper” of questionable admissibility[2] reporting a purported, unsigned contract between Haiti and Marine Exploration which, at most, required Marine, in exchange for exploration rights in Haitian territorial waters, to divide “the sale product of such wrecks” in the proportions of seventy-five per cent for Marine and twenty-five per cent for the Haitian Government, but did not give Haiti an interest in the artifacts themselves; (c) a letter to Jean Duvalier from the Historical Museum and plaques on the Museum wall thanking the Haitian Government for “making it possible” for the Museum to exhibit the cannons, which letter and plaques, acknowledgments of the gratuitous mention of Haiti in the loan agreement, prove even less about Haiti’s interest in the cannons than the loan agreement. Even assuming, arguendo, that the “contract” between Haiti and Marine Exploration could be regarded as giving Haiti some ownership interest in the cannons, that interest was clearly separated from the right of possession which, by all that is shown by this record, was exclusively a right of Marine Exploration Company and, by assignment, a right of Wisniewski. In a replevin action the right of immediate possession is the question to be determined, and that right may prevail even against absolute legal title to the property where title and possession have become separated. Bringley v. C. I. T. Corporation, 119 Fla. *748 529, 160 So. 680 (1935). Haiti never possessed the cannons nor was given any right to possession by the “contract,” and its claim to possession must necessarily be an incident of ownership which was never determined below. Wisniewski’s claim, on the other hand, quite apart from the unresolved issue of ownership, is the claim of one who had actual possession so that any attempt by Haiti to impeach his title was irrelevant to the replevin action. Parramore v. Smith, 158 Fla. 85, 27 So.2d 670 (1946). While the fragmentary evidence concerning Haiti’s interest may have justified the Historical Museum, concededly a mere stakeholder of the cannons, in proceeding cautiously and refusing to immediately honor the demands of Wisniewski and his assignor, Marine, for the return of the cannons, so as to allow Haiti to intervene and have its colorable claim adjudicated by a court, it did not justify the trial court in denying Wisniew-ski his right to replevin the goods. Whatever claim Haiti may have against anyone for its share of the proceeds of the sale of these goods is not before us.
Accordingly, we reverse and remand with directions to enter a judgment for replevin in favor of Wisniewski.

. The letter signed by the Presidents of Marine and the Historical Museum reads:
“Marine Exploration Co., Inc. herein agrees to loan to the Historical Museum of Southern Florida, 3280 South Miami Avenue, Miami, Florida the use of two (2) brass cannons, one carriage and other miscelleanous [sic] treasure artifacts to display at the Historical Museum on the behalf of Marine Exploration Co., Inc. and the Haitian Government.
“Marine Exploration Co., Inc. agrees to loan to the Historical Museum these artifacts and cannons for an undefinite [sic] period of time, but at Marine Exploration Co., Inc. request, the Historical Museum must return these artifacts and cannons to Marine Exploration’s premises within a reasonable period of time.”

. We do not decide the admissibility of the document. We treat the “official newspaper” report of this contract as having been properly admitted, since its admission does not affect the outcome of this appeal.